John L. RUSSELL, et ux., Appellants,

v.

HARTFORD CASUALTY INSURANCE COMPANY et al., Appellees.

No. 12470.

Court of Civil Appeals of Texas, Austin.

On Motion for Rehearing March 16, 1977.

Rehearing Denied April 6, 1977.

Laurin C. Currie, Rohde & Currie, Austin, for appellants.

Barry K. Bishop, Joan M. Burklin, Clark, Thomas, Winters & Shapiro, Austin, for appellee Hartford Cas. Ins. Co.

Richard T. McCarroll, Brown, Maroney, Rose, Baker & Barber, Austin, for appellees Warren Cowley, d/b/a Airways Rent-A-Car and Airways Rent-A-Car System, Inc.

SHANNON, Justice.

The opinion of this Court filed on February 2, 1977, is withdrawn, and the following opinion replaces it.

This is an appeal from a summary judgment entered by the district court of Travis County. Appellants, John L. Russell and wife, Linda L. Russell, filed suit against Wendland Farm Products, Inc., Hartford Casualty Insurance Company, Airways Rent-A-Car System, Inc., and Warren Cowley, doing business as Airways Rent-A-Car of Austin, Texas. The district court severed appellants' causes of action asserted against Hartford, Airways Rent-A-Car System, and Cowley from the negligence cause of action asserted by appellants against Wendland. The district court then entered a summary judgment in favor of Hartford, Airways Rent-A-Car System, and Cowley that appellants take nothing. We will affirm that judgment.

On September 11, 1974, a truck owned by Wendland Farm Products, Inc., and operated by its employee, collided with an automobile driven by Mrs. Russell. As a result of the collision Mrs. Russell was injured and her automobile was wrecked.

On the same day an adjuster for Hartford called upon the Russells. The adjuster arranged, at Hartford's cost, to provide a temporary rent car for the Russells' use from Airways Rent-A-Car System, Inc., and Warren Cowley, doing business as Airways Rent-A-Car of Austin, Texas.

Seven days later Hartford canceled the rent-car arrangement. On the same day an employee of Airways requested the Russells to return the rent car. They returned the car on the following day. Airways did not charge the Russells for the use of the car.

Because the entry of the summary judgment was grounded upon appellees' theory that appellants failed to state a cause of action, the petition will be examined.

As against Wendland, appellants alleged that their damages were caused proximately by the negligence of Wendland's driver. Appellants sought to recover $264,200 for personal injuries, past and future medical expenses, an unwanted pregnancy, loss of wages, loss of Mrs. Russell's services, and loss of their car. They also sought $900,000 in exemplary damages from Wendland for alleged gross negligence.

The Russells also joined Hartford as a defendant in their negligence suit against Wendland. The Russells pleaded that one basis for Hartford's joinder was that it was the liability carrier for Wendland and, as such, Hartford was bound to pay any judgment obtained against Wendland. As another basis for joinder, the Russells alleged that Hartford was "directly liable" to them by virtue of Tex.Ins.Code Ann. art. 21.21 § 16 (1973).

In the second "count" of the petition, appellants enumerated a litany of wrongs allegedly committed by Wendland, Hartford, Airways and Cowley, and all flowing in some manner from Hartford's cancella-

tion of the rent-car arrangement. For purposes of convenience, these complaints will be termed the "unfair settlement practices" and the "conspiracy" theories.

Under their "unfair settlement practices" theory, the Russells pleaded that Hartford was guilty of engaging in false, misleading, or deceptive acts or practices in violation of Tex.Bus. and Comm.Code Ann. § 17.46(b) (1973) by causing confusion or misunderstanding on the part of the Russells as to the "sponsorship and approval" of a rent car by them until Hartford could obtain a comparable replacement vehicle for them; by representing that the Russells had unlimited use of the rent car with respect to time and mileage until Hartford obtained for them a replacement vehicle; and by making false or misleading statements concerning the need for a replacement vehicle or the need for and expense of repair of the Russells' car.

Also, under their "unfair settlement practices" theory, the Russells alleged that Hartford violated Tex.Ins.Code Ann. art. 21.21 § 4(4) (1957) in attempting "to coerce and intimidate" them by canceling the rent-car arrangement.

Finally, the Russells pleaded that Hartford violated Tex.Ins.Code Ann. art. 21.21–2 (1973) by knowingly misrepresenting to them pertinent facts or policy provisions relating to Wendland's coverage; by not attempting in good faith to effectuate prompt, fair, and equitable settlement of their claim; and by not attempting in good faith to settle promptly their claim where liability had become reasonably clear under one part of the policy in order to influence settlement under other parts of the policy.

The Russells sought to obtain a recovery from Hartford in the total sum of $45,000 for engaging in such unfair practices.

As another basis for joinder of Hartford, appellants alleged that Wendland "ratified Hartford's wrongful acts." In this connection appellants alleged that their attorney wrote to Hartford offering to settle the property damage aspect of the case for $3200 and advising Hartford of the "dam-

aging effects of their [Hartford's] unfair, and deceptive settlement practices upon the Plaintiffs [the Russells] . . ." Hartford was requested to send a copy of that letter to its insured, Wendland. The Russells pleaded further that Hartford advised Wendland, and because Wendland unreasonably failed to request Hartford to accept the settlement offer, Wendland "ratified" Hartford's unfair settlement practices, and that this somehow furnished a further ground for joinder of Hartford.

The Russells' "conspiracy" theory is difficult to summarize. The appellants pleaded that Hartford and Wendland as "First Conspirator" and Airways Rent-A-Car System, Inc., and Cowley as "Second Conspirator" entered into a conspiracy "to injure" the Russells. The conspirators allegedly arranged to furnish a rent car to the Russells without informing them about any limitations on the number of days permitted by the arrangement or by the number of miles allowed to be driven each day and without informing the Russells as to the terms of the cancellation of the rent-car arrangement. Thereafter, the "First Conspirator" directed the "Second Conspirator" to advise the Russells of the cancellation of the arrangement and of the mileage limitations in the arrangement. As a result of such alleged conspiracy Mr. Russell had to arrange for a ride to work and arrangements had to be made with friends, relatives, and neighbors to take Mrs. Russell to the physician and other places. For such damages allegedly flowing from the conspiracy, the Russells sought as their due $540,000.

Under their first point of error, appellants claim that joinder of the liability insurance company was permitted by the exception in Tex.R.Civ.P. 51(b).

■ In Texas, and in most states, the liability insurance company, in absence of a statute or an express provision of the insurance contract, cannot be sued directly in a tort suit with or without the joinder of the insured. Green, *Blindfolding the Jury*, 33 Texas L.Rev. 157, 158 (1954). That rule is expressed in Tex.R.Civ.P. 51(b) and other

rules.[1] Rule 51(b) prohibits the joinder of a liability or indemnity insurance company in a tort case unless the insurance company is " . . . by statute or contract directly liable to the person injured or damaged."

Appellants say that any one of the several statutory causes of action asserted by them against the liability insurance company for alleged violations of the Texas Insurance Code and the Texas Business and Commerce Code permits them to join the insurer under the exception in Rule 51(b). Appellants say that the insurer is by those statutes "directly liable to the person injured or damaged."

■ Appellants' argument ignores the fact that the exception in Rule 51(b) permits the joinder of the liability insurer in tort cases in which a statute has made the insurer directly liable for the injuries or damages resulting from the tortious act of its insured. Appellants' statutory causes of action have nothing to do with the insured's tortious conduct or with injuries or damages flowing from that conduct. The alleged violations of the Texas Insurance Code and the Texas Business and Commerce Code asserted by appellants refer to alleged conduct of the insurer or its adjuster which occurred days or weeks after the tort of its insured, and which, of course, had nothing to do with the tort.

■ The Rules of Civil Procedure should be construed so as to produce harmony rather than discord. *Ex parte Godeke*, 163 Tex. 387, 355 S.W.2d 701 (1962). Rule 51(b) should be read in conjunction with Rule 40. Rule 40 limits the joinder of defendants to situations in which the right to relief asserted against the defendants arises out of the same transaction or occurrence or series of occurrences and if any question of law or fact common to all of them will arise in the action.

In the case at bar, appellants' allegations concerning violations of the Texas Insurance Code and the Texas Business and Commerce Code do not arise out of the truck-automobile collision, nor do the allegations present questions of law or fact common to those presented in the negligence suit. It follows that if there were a legal basis for appellants' suit for violations of the Texas Insurance Code and the Texas Business and Commerce Code against Hartford, still that would not be a basis for the joinder of Hartford in the negligence suit against Hartford's insured.

Contrary to assertions in their brief and in oral argument, appellants did not plead that Hartford was directly liable to them by virtue of some "direct action" provision in the insurance policy issued to Wendland.

We have concluded that Rule 51(b) afforded no basis for the joinder of the liability insurer in appellants' suit for negligence against the insured, Wendland.

We now examine the several statutes in the Texas Insurance Code and Texas Business and Commerce Code to determine the validity of appellants' contentions that appellants stated causes of action premised upon violations of those provisions under their "unfair settlement practices" theory.

■ Texas Bus. and Comm.Code Ann. § 17.46(a) and (b) declare false, misleading, or deceptive acts or practices in the conduct of any trade or commerce to be unlawful. Texas Bus. and Comm.Code Ann. § 17.50(b) confers a cause of action upon a *consumer* who has been adversely affected by the violation of deceptive acts or practices. The cause of action conferred by § 17.50(b) is restricted to the class of claimants defined as "consumers" within the meaning of § 17.45(4). *Bourland v. State*, 528 S.W.2d 350 (Tex.Civ.App.1975, writ ref'd n. r. e.). Section 17.45(4) defines consumer as " . . . an individual, partnership, or corporation who seeks or acquires by purchase or lease, any goods or services." The Russells did not purchase or lease the rent car, and, accordingly, they are not "consumers" within the definition of § 17.45(4).

---

1. Similar prohibitions appear in the rules governing third-party practice and counterclaims and cross-claims. Tex.R.Civ.P. 38(b) and 97(f).

The Russells also alleged that Hartford violated Texas Ins.Code Ann. art. 21.21 § 4 in attempting "to coerce and intimidate" them by canceling the rent-car arrangement with Airways. Article 21.21 § 4 defines "unfair methods of competition and unfair or deceptive acts or practices" in the business of insurance. Subsection 4 of Art. 21.21 § 4 provides:

"Boycott, Coercion and Intimidation. Entering into any agreement to commit, or by any concerted action committing, any act of boycott, coercion or intimidation resulting in or tending to result in unreasonable restraint of, or monopoly in, the business of insurance."

■ The purpose of subsection 4 is to prevent monopoly or unreasonable restraint in the business of supplying insurance. It is not a basis for a suit by a claimant upset by the handling of his claim by the liability carrier for the tort-feasor.

■ We now consider that part of appellants' suit against Hartford predicated upon an alleged violation of Tex.Ins.Code Ann. art. 21.21–2 (1973). Article 21.21–2 provides that no insurer shall engage in unfair claim settlement practices. Section 2 of that article defines unfair claim settlement practices. Article 21.21–2 does *not* confer a private cause of action upon individuals injured by those unfair claim practices, but instead the State Board of Insurance, upon finding an insurer in violation of the Act, is empowered to issue a cease and desist order to the insurer directing it to stop such unlawful practices. Art. 21.21–2 § 6(a). Appellants, then, stated no cause of action against Hartford for violation of Tex.Ins. Code Ann. art. 21.21–2.

■ With respect to their damages claimed to be caused by Hartford's cancellation of the rent-car arrangement, the Russells failed to assert a cause of action against Wendland which could serve as a basis for joinder of Hartford. We have held that the Russells stated no cause of action against Hartford under their unfair settlement practices theory, and, as a result,

there could be no cause of action against Wendland because it ratified Hartford's acts.

■ Likewise, appellants did not state a cause of action in "conspiracy" against Hartford, Wendland, Airways Rent-A-Car System, Inc., and Warren Cowley, doing business as Airways Rent-A-Car of Austin, Texas. An actionable conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *State v. Standard Oil Co.*, 130 Tex. 313, 107 S.W.2d 550, 559 (1937), *International Bankers Life Insurance Co. v. Holloway*, 368 S.W.2d 567 (Tex.1963). A conspiracy to engage in false, misleading, or deceptive acts or practices in violation of Tex.Bus. and Comm.Code Ann. art. 17.41 is an agreement to obtain money or property from others by engaging in a course of conduct which the parties know has a tendency or capacity to deceive. *Bourland v. State, supra.*

■ We have held that appellants stated no cause of action against Hartford for a violation of Tex.Bus. and Comm.Code Ann. art. 17.46(a) and (b), or Tex.Ins.Code Ann. art. 21.21 § 4(4), or Tex.Ins.Code Ann. art. 21.21–2. It was upon the acts of Hartford that appellants' conspiracy theory was premised. By failing to state a cause of action against Hartford, appellants have failed to meet the "unlawful act" or "unlawful means" requirement of conspiracy. *International Bankers Life Insurance Co. v. Holloway, supra.*

The judgment is affirmed.