**GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LTD., Appellant,**

v.

**Harvey L. LEGATE, Appellee.**

**No. 8630.**

Court of Civil Appeals of Texas, Texarkana.

Feb. 27, 1979.

Rehearing Denied March 27, 1979.

Hardy Moore, Moore & Lipscomb, Paris, for appellant.

C. V. Flanary, Paris, for appellee.

HUTCHINSON, Justice.

This is a suit for treble damages by virtue of Sections 17.46(a) and 17.50(a)(4) (Supp. 1978–1979) of the Deceptive Trade Practices Act-Texas Business and Commerce Code; Article 21.21, Sec. 16, of the Texas Insurance Code Ann. (Supp.1978); and State Board of Insurance Regulation No. 18663. Alternatively, recovery is sought under Article 3.62–1 of the Texas Insurance Code Ann. The parties will be referred to as in the trial court, that is, Appellee Legate as plaintiff and Appellant General Accident as defendant.

Plaintiff received personal injuries in an automobile accident in Dallas on July 9, 1974, while driving his automobile upon

which the defendant had issued its public liability insurance policy. On the day of the accident, plaintiff by telephone advised defendant's Dallas office of the accident and injuries and was instructed to contact the agent that had issued the policy. On July 10, 1974, plaintiff called the F. B. Taylor Agency in Port Arthur and told the person answering that he was calling on the instructions of the Dallas office; that he had received personal injuries in an automobile accident; and asked what medical papers, if any, he needed in order to file his claim. The Taylor Agency then told him that he did not have "that type of coverage." On May 10, 1976, plaintiff's attorney called the F. B. Taylor Agency and was also told that the plaintiff did not have personal injury protection coverage. On May 13, 1976, plaintiff's attorney received a memorandum from the F. B. Taylor Agency stating that plaintiff did in fact have such coverage and that the defendant's office in Houston had been so notified. Plaintiff's original petition was filed on May 20, 1976, and defendant answered by a general denial on June 18, 1976. On December 3, 1976, defendant filed an amended answer tendering into court the sum of $2,500.00 as the "maximum amount of personal injury protection afforded by the policy."

Trial was to the court and judgment was entered for the plaintiff for treble the policy limits and graduated attorney fees. Findings of fact and conclusions of law were filed wherein the trial court concluded that the defendant's denial of personal injury protection coverage invoked the provisions of Section 17.46 of the Texas Business and Commerce Code Ann. and Regulation No. 18663 of the State Board of Insurance.

Defendant here as below contends that the treble damage portion of the judgment cannot be sustained under Section 17.46(a) since the undisputed evidence established that the misrepresentations regarding personal injury protection coverage were innocently made. Even though the filed findings of fact are silent as to whether or not such misrepresentations were in fact innocently made, the plaintiff did not in the court below nor does he here contend otherwise. Quite to the contrary, plaintiff himself introduced into evidence portions of defendant's pleadings wherein it plead that there were no intentional misrepresentations and that the denials of coverage were made innocently and in good faith. There being nothing to the contrary the general rule that omitted findings are deemed to support the judgment is not involved. *Lockhart v. Garner,* 165 Tex. 580, 298 S.W.2d 108 (1957); *Threet v. Texas Employers' Insurance Ass'n,* 516 S.W.2d 276 (Tex.Civ.App.Tyler 1974, no writ); 4 McDonald's, Texas Civil Practice, Sec. 16.10(d).

Plaintiff seeks to uphold the judgment for treble damages under Section 17.-50(b)(1) (Supp.1978–1979) of the Deceptive Trade Practices Act upon the authority of *Woods v. Littleton,* 554 S.W.2d 662 (Tex. 1977), and *McDaniel v. Dulworth,* 550 S.W.2d 395 (Tex.Civ.App.Dallas 1977, no writ). It is true that these cases stand for the proposition that if liability is established under the Deceptive Trade Practices Act treble damages, Sec. 17.50(b)(1), are mandatory and the defendant here does not contend otherwise. Defendant calls attention first to the concurring opinion of Chief Justice Greenhill in *Spradling v. Williams,* 566 S.W.2d 561 (Tex.1978), expressing doubts as to the constitutionality of penal damages for the violation of "unlisted" and unspecified unlawful acts and then to the recent case of *Singleton v. Pennington,* 568 S.W.2d 367 (Tex.Civ.App.Dallas 1977, no writ), wherein it was held in an opinion by Chief Justice Guittard that in order to establish liability for treble damages under Section 17.46(a) it must also be shown that the "false, misleading, or deceptive [act] or [practice]" was made "knowingly" or with the "intent" to deceive. Also, it has been said that Section 16 of Article 21.21, Texas Insurance Code Ann., can operate only in conjunction with Sec. 17.46(b) (laundry list). *Mobile County Mutual Insurance Co. v. Jewell,* 555 S.W.2d 903 (Tex.Civ.App.El Paso 1977, writ ref'd n. r. e.). Here plaintiff sues to recover under the provisions of a contract of insurance breached by defendant upon its denial of coverage. Such denial of

coverage did not terminate or lessen defendant's obligations under the policy nor did it extinguish any of plaintiff's rights thereunder. Defendant's breach forms the basis for the institution and maintenance of this suit for the enforcement of the contractual rights created by the policy of insurance. *Lone Star Life Insurance Co. v. Griffin*, 574 S.W.2d 576 (Tex.Civ.App.Beaumont 1978, no writ). Neither Section 17.46(a) of the Deceptive Trade Practices Act-Texas Business and Commerce Code Ann. nor Section 16 of Article 21.21, Texas Insurance Code Ann., are here applicable. *Royal Globe Insurance Co. v. Bar Consultants, Inc.*, Tex., 577 S.W.2d 688 (1979).

We hold that plaintiff cannot recover treble damages. As an alternative plea, plaintiff in the court below sought recovery under Article 3.62–1, Texas Insurance Code Ann., for twelve percent (12%) penalty and a reasonable attorney's fee. We therefore reverse and remand to the trial court for it to determine whether to assess a statutory penalty and a reasonable attorney's fee and, if so, the amount thereof.

Reversed and remanded.