**HI–LINE ELECTRIC COMPANY, Appellant,**

**v.**

**The TRAVELERS INSURANCE COMPANIES, Appellee.**

**No. 19964.**

Court of Civil Appeals of Texas, Dallas.

Aug. 14, 1979.

Rehearing Denied Sept. 19, 1979.

John D. Griggs, Dallas, for appellant.

Timothy R. McCormick, Thompson & Knight, Dallas, for appellee.

Before AKIN, ROBERTSON and HUMPHREYS, JJ.

HUMPHREYS, Justice.

This appeal concerns whether appellant Hi-Line Electric Company is a consumer under the Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41–17.63 (Vernon Supp. 1978–1979) (DTPA). Appellant Hi-Line alleged that it purchased services and leased goods from third parties in reliance on misrepresentations of an adjuster for appellee, Travelers Insurance Company. Summary judgment was granted for appellee Travelers on the ground that appellant did not have a cause of action under the DTPA or the Insurance Code. We affirm and hold that appellant is not a consumer for the purposes of the DTPA because appellant did not seek or acquire goods or services from appellee. We also hold that appellant has no cause of action under either the Unfair Claim Settlement Practice Act, Tex. Ins. Code Ann. art. 21.21–2 (Vernon Supp. 1978), or under the unfair practices provisions of the Insurance Code, Tex. Ins. Code Ann. art. 21.21 (Vernon 1963 & Supp. 1978) because article 21.21–2 does not confer a private cause of action and any private action under article 21.21 must be based on the DTPA, which, we hold, does not apply to this case.

This case arose from an automobile accident between appellant and appellee's insured. Appellant sued appellee's insured for negligence and sued appellee, the insurance carrier, for breach of contract, fraud, and for violations of the DTPA and of the Insurance Code. After appellant's action against appellee was severed, partial summary judgment was granted denying appellant's claims against appellee under section 17.50 of the DTPA and the Insurance Code. The case then proceeded to trial on the grounds of breach of contract and fraud, and appellant was awarded judgment in the amount of $519.64. Appellant complains only of the court's grant of partial summary judgment and its failure to set aside the summary judgment.

According to appellant, after the accident, appellee agreed to pay for repairs to appellant's truck, rental of another truck, and the cost of transferring merchandise between the damaged truck and the leased truck. It also contends that appellee made recommendations as to where to have repairs performed and where to rent the vehi-

cle. Appellant claims that it was forced to pay the repair and rental costs when appellee refused to do so , and that its own insurance company would have paid these bills if appellee had not promised to pay them. Appellant also alleged that appellee agreed to pay without intending to do so and consequently, violated the DTPA.

Appellee seeks to justify the summary judgment on the ground that the petition shows on its face that appellant is not a "consumer" with respect to appellee within the ambit of the DTPA. Appellee points out that in order to sue under section 17.50 of the DTPA, plaintiff must be a consumer, which is defined in section 17.45(4) as "an individual, partnership, corporation, or governmental entity *who seeks or acquires by purchase or lease, any goods or services.*" Appellee cites *Russell v. Hartford Casualty Insurance Co.,* 548 S.W.2d 737 (Tex.Civ. App.-Austin 1977, writ ref'd n. r. e.), for the proposition that appellant is not a consumer. *Russell* is not controlling here because in that case, plaintiffs did not purchase or lease any goods or services. As in the present case, the plaintiffs in *Russell* were involved in a collision with defendant's insured. After defendant Hartford provided a rental car for seven days and then cancelled the agreement, plaintiffs sued Hartford under the DTPA. The court held that the plaintiffs in that case were not consumers because they did not purchase or lease anything. 548 S.W.2d at 741. In this case, appellant purchased services and leased goods from third parties at appellee's suggestion but not from appellee. Our question then is whether the DTPA provides a cause of action when the services and leased items were sought and obtained from third parties.

■ Appellee contends that a consumer must seek or acquire goods or services *from the person he is suing.* We agree. Although the plaintiff and defendant need not be in privity or in a contractual relationship, a consumer must seek or acquire goods or services furnished by defendant. In this case, appellee only represented to appellant that it would pay money to appellant for appellant's purchase of goods and services from others. The DTPA was not intended to cover situations where the defendant is not engaged in any sale or lease transaction, or any offer or advertisement of a sale or lease, with plaintiff. The Act was designed to protect consumers from misleading business practices made in connection with a sale, lease, advertisement, etc. We hold that appellant is not a consumer with respect to appellee because the alleged misrepresentation was not made in connection with any actual or prospective sale or lease transaction in which appellant was seeking or acquiring goods, or services supplied by appellee.

■ We also deny appellant's claims under articles 21.21–2 and 21.21 of the Insurance Code. Article 21.21–2 of the Insurance Code regulates unfair claims practices of insurance companies. It empowers the State Board of Insurance to revoke licenses of violators and issue other orders, but it does not confer a private cause of action. *Lone Star Life Insurance Co. v. Griffin,* 574 S.W.2d 576, 580 (Tex.Civ.App.-Beaumont 1978, writ ref'd n. r. e.); *Russell v. Hartford Casualty Insurance Co.,* 548 S.W.2d 737, 742 (Tex.Civ.App.-Austin 1977, writ ref'd n. r. e.). Article 21.21 is primarily directed to unfair competition and trade practices of insurance companies such as false advertising, defamation, and discrimination. Section 16(a) of article 21.21 states: "Any person who has been injured by another's engaging in . . . any practice defined by Section 17.46 of the Business & Commerce Code, as amended, as an unlawful deceptive trade practice may maintain an action against the company or companies engaging in such acts or practices." The application of article 21.21, therefore, depends on whether there was a violation of the DTPA.

We note that article 21.21(16)(a) grants a cause of action to a "person" injured by a deceptive act under section 17.46 of the DTPA. A "person" as used in article 21.-21(16)(a) must be a consumer as defined in section 17.50 of the DTPA because article 21.21 of the Insurance Code and the DTPA

refer to each other. Section 17.50(a)(4) of the DTPA allows only a *consumer* to recover for violations of article 21.21 of the Insurance Code. Accordingly, the two statutes must be read together. *See General Accident, Fire & Life Assurance Corp. v. Legate,* 578 S.W.2d 505, 506 (Tex.Civ.App.-Texarkana 1979, writ ref'd n. r. e.); *Mobile County Mutual Insurance Co. v. Jewell,* 555 S.W.2d 903, 910 (Tex.Civ.App.-El Paso 1977, writ ref'd n. r. e.). Neither were intended to apply to a situation where the plaintiff and defendant were not engaged in a prospective or actual sale or lease of goods or services between them. Since we have held that appellant is not a consumer within section 17.50 of the DTPA, we likewise hold that it is not a person within article 21.-21(16)(a) and has no cause of action under that article.

Affirmed.