Irene RODRIGUEZ, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellee.

No. 18286.

Court of Civil Appeals of Texas,
Fort Worth.

April 17, 1980.

Rehearing Denied May 15, 1980.

Law Offices of Don Gladden, and Charles Padorr, Fort Worth, for appellant.

Massie Tillman, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

The appeal is from the granting of defendant-appellee's motion for summary judgment. Appellant's husband died at work and appellee-workers' compensation carrier denied liability for death benefits. Appellant brought suit to recover death benefits for survivors under the Workers' Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8306, *et seq.*, and for treble damages under the Texas Deceptive Trade Practices Act, Tex.Bus. & Comm.Code Ann. § 17.01 *et*

*seq.* Appellant contends that appellee is liable under the Deceptive Trade Practices Act due to appellee's refusal to "promptly and fairly settle" her compensation claim where, as appellant alleges, appellee's liability was "reasonably clear."

Upon motion these two actions were severed by the trial court. Appellant pursued her first cause of action and received a jury verdict upholding her right to survivor's benefits under the Workers' Compensation Act. Judgment based thereon became final. There is no complaint of that judgment.

Thereafter appellant proceeded in her prosecution of the claim under the Deceptive Trade Practices Act. Prior to trial of that suit defendant-appellee moved for and was granted summary judgment. Appellant brought her appeal from the grant of summary judgment.

We affirm.

The issue for our determination concerns the application of the Texas Deceptive Trade Practices Act to a situation where the insurance carrier denies liability under a workers' compensation survivor's claim and, perhaps without justifiable reason, refuses to settle the compensation claim and causes the claimant to be put to undue time, trouble, and expense in ultimate recovery of the amount which should have earlier been paid as a settlement. The trial court, in granting defendant-compensation carrier's motion for summary judgment, found the Act inapplicable in that the decedent, the husband of plaintiff-appellant, did not occupy the position of purchaser or consumer as required by that statute. Though the trial court's letter is actually not material as a part of a proper transcript it is nevertheless informative. We quote therefrom:

> In this court's opinion, the Decedent is not in the position of a purchaser of an insurance policy, either by express or implied contract between him and the compensation insurance carrier. *Their relationship was created by statute, not by contract, and their respective responsibilities imposed upon them through no choice of their own.* The sole purpose of the policy issued to the employer is to evidence the fact that he and his employees are protected in definite terms of law, not by contract. (Emphasis supplied).

 Does plaintiff have a cause of action under the Deceptive Trade Practices Act for unfair claims settlement practices? The Texas Act at § 17.50 "Relief for Consumers", sub-section (a), confers a cause of action upon a "consumer" who has been adversely affected by deceptive acts or practices. However, § 17.45 "Definitions" expressly defines a "consumer" as " . . . an individual, partnership, corporation, . . . who seeks or acquires by purchase or lease, any goods or services." We find that appellant's decedent was not a "consumer" as intended by the Act. To so qualify a purchaser must not merely seek or acquire services or goods, but must seek or acquire such goods or services in connection with or as the result of one or more deceptive practices of the defendant. Here plaintiff's decedent had not "purchased" goods or services from appellee. We quote from *Hi-Line Elec. v. Travelers Ins. Companies,* 587 S.W.2d 488 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e. with per curiam opinion on other grounds at Tex., 593 S.W.2d 953, 1979), as follows:

> The DTPA was not intended to cover situations where the defendant is not engaged in any sale or lease transaction, or any offer or advertisement of a sale or lease, with plaintiff. The Act was designed to protect consumers from misleading business practices *made in connection with a sale, lease, advertisement, etc.* (587 S.W.2d at page 490 with emphasis supplied.)

Plaintiff-appellant was not involved in a sale or lease transaction with appellee-compensation carrier. This was not a situation where one party was enticed into a contract by provisions or promises later discovered to be deceptive. Instead, the parties to the litigation found themselves in a relationship created entirely by statute, which arose on the date the appellant's decedent accepted his employment with an employer who had elected to become a subscriber under the Texas Workers' Compensation Act.

In a test of whether plaintiff-appellant's deceased husband qualified as a "consumer" as intended by the Act it is obvious from the record that there certainly could have been no evidence of misrepresentation made to him in connection with any "purchase" (by him) of the workers' compensation coverage. Plaintiff-appellant ingeniously suggests that "purchase" was accomplished pursuant to deceased's automatic statutory waiver of his common law actions against his employer on the day he was hired. We disagree. These facts wholly fail to create a cause of action under the Deceptive Trade Practices Act.

■ The denial of liability for compensation under the Workers' Compensation Act would not, by itself, give rise to a deceptive trade practices action. In *Gen. Acc., Fire & Life Assur. Corp., Ltd. v. Legate*, 578 S.W.2d 505 (Tex.Civ.App.—Texarkana 1979, writ ref'd n. r. e.) where the plaintiff sought, as a "consumer", to recover treble damages against his insurance company for mistakenly denying coverage, the court wrote:

> Such denial of coverage did not terminate or lessen defendant's obligations under the policy nor did it extinguish any of plaintiff's rights thereunder.
> Defendant's breach forms the basis for the institution and maintenance of this suit for the enforcement of the contractual rights created by the policy of insurance. (578 S.W.2d at page 506.)

While we do not go so far as to state that in the case at hand the appellee compensation carrier mistakenly denied liability under the Workers' Compensation Act, we think the point clear. Plaintiff-appellant possessed a statutorily created cause of action under the Workers' Compensation Act. Appellee's denial of liability did not terminate or lessen its obligations under that Act. Neither did it give rise to treble damages liability under the Deceptive Trade Practices Act.

We find that the deceased was not a "consumer" as required under that Act. And had plaintiff's deceased been a "consumer" under the Act, the requisite nexus between the "purchase" and a deceptive or misleading act or acts is wholly absent.

Affirmed.