**AMERICAN INSURANCE COMPANIES et al., Appellants,**

v.

**Joe REED, Individually and d/b/a Big Bend Cactus Company, Appellees.**

No. 5607.

Court of Appeals of Texas, Eastland.

Dec. 31, 1981.

Rehearing Denied Jan. 28, 1982.

James O'Leary and Jim Moseley, Shafer, Gilliland, Davis, McCollum & Ashley, Odessa, Al Walvoord, Jr., Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, Robert E. Goodfriend, Akin, Gump, Hauer & Feld, Dallas, for appellants.

W. Ruff Ahders, Odessa, for appellees.

McCLOUD, Chief Justice.

This is an appeal of a jury award of $665,814.26 resulting from an insurer's denial of liability on a vandalized truck. Plaintiff contends that his recovery is proper based upon the Deceptive Trade Practices— Consumer Protection Act, Articles 21.21 and 21.21–2 of the Texas Insurance Code, common law negligence, and the contractual provisions of the policy.

Plaintiff, Joe Reed, d/b/a Big Bend Cactus Company, leased his 1972 Ford truck to B. F. Walker, Inc., a trucking company which leased trucks from various owners who either operated the trucks or furnished drivers to operate the trucks. Walker made available to its lessors a group insurance policy covering physical damage to the owners' trucks. The group policy was issued in the name of "B. F. Walker, Inc./Noble Transport, Inc. Owner-Operators." Noble Transport, Inc. is a separate corporation affiliated with B. F. Walker, Inc. The insurance policy was procured by Alexander & Alexander, Inc., Walker's insurance agent. Plaintiff applied for coverage under the group policy, and was issued a certificate of insurance covering his truck. Thereafter, plaintiff and Thomas Nail entered into an arrangement whereby Nail was given possession of the truck. In return, he paid plaintiff $500 per month. Nail operated the truck and received the owner's percentage of the truck's earnings from Walker. Walker deducted the physical damage insurance premiums from Nail's earnings. While the truck was in Nail's possession, it was damaged as a result of vandalism. The repairs were estimated to cost $8,585.25. Bellefonte Insurance Company, the insurer, denied liability because of a "conditional sale and bailment lease exclusion" in the policy. When the adjuster investigated the claim, he discovered that both plaintiff and Nail asserted ownership of the truck.

Plaintiff sued nine defendants, American Insurance Companies, Lloyds of London, Penn General Agency (N.C.), Inc., Bellefonte Underwriters Insurance Company, Bellefonte Insurance Company, Seaboard Underwriters, Inc., Alexander & Alexander, Inc., Noble Transport, Inc., and B. F. Walker, Inc., alleging a suit on the policy, negligence, violations of the Texas Deceptive Trade Practices—Consumer Protection

Act,[1] Section 16 of Article 21.21 of the Texas Insurance Code, the Unfair Claims Settlement Practices Act, Article 21.21–2 of the Insurance Code, and the rules and regulations of the State Board of Insurance. Following a jury trial, the trial court entered judgment against the nine defendants, jointly and severally, for $665,814.26.

The judgment is in three parts. The first part is against American Insurance Companies, Lloyds of London, Penn General Agency (N.C.), Inc., Seaboard Underwriters, Inc., Bellefonte Insurance Company, and Bellefonte Underwriters Insurance Company for plaintiff's "actual damages of $126,686.50 as a result of suit on the policy in question." This amount consists of costs of repairs ($12,737.50), value of use of truck ($110,-000), storage ($3,200) and cost of repairs actually done ($749). The second part of the judgment is against all nine defendants for $615,559.50. This amount consists of costs of repairs ($12,737.50), value of use of truck ($110,000), past and future physical pain and mental anguish ($75,000) and other consequential damage items ($7,449). The total of $205,186.50 is trebled to $615,559.50. The third part of the judgment is against all nine defendants for attorney's fees, ranging in amount from $36,254.76 to $50,-254.76, depending upon appeals taken by defendants.

■ The judgment against American Insurance Companies, Lloyds of London, Penn General Agency (N.C.), Inc., and Bellefonte Underwriters Insurance Company will be reversed and rendered because no special issues were submitted to the jury relating to the liability of these defendants. A number of special issues were submitted, but none of these defendants were named, either directly or by implication, in any of the issues submitted to the jury. There were no findings of actual or apparent authority as to any of the defendants, except for a finding that Alexander & Alexander, Inc., acted as Walker's agent in procuring the policy. The judgment against these four defendants failed to conform to the nature of the case proved and to the verdict

of the jury. Tex.R.Civ.P. 301. Their liability was not conclusively established; therefore, any recovery against these four defendants was waived. *Glens Falls Insurance Co. v. Peters,* 386 S.W.2d 529 (Tex. 1965); Tex.R.Civ.P. 279.

Plaintiff contends that the portion of the judgment awarding treble damages is recoverable under the DTPA, Art. 21.21–2 of the Texas Insurance Code, and Section 16 of Art. 21.21 of the Insurance Code.

## DTPA

■ Section 17.50(a) of the DTPA sets forth the relief available to consumers under the Act:

(a) A consumer may maintain an action where any of the following constitute a producing cause of actual damages:

(1) the use or employment by any person of a false, misleading, or deceptive act or practice that is specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter;

(2) breach of an express or implied warranty;

(3) any unconscionable action or course of action by any person; or

(4) the use or employment by any person of an act or practice in violation of Article 21.21, Texas Insurance Code, as amended, or rules or regulations issued by the State Board of Insurance under Article 21.21, Texas Insurance Code, as amended.

The plaintiff obtained jury findings, which if supported by sufficient evidence, would support recovery under paragraphs (1), (3) and (4) of Section 17.50(a). He alleged that representations made in February 1977, the date the policy was issued, are actionable. He further alleged that representations made after May 28, 1977, the date the vandalism occurred to the truck, constituted a "continuing course of misconduct" which are a basis for recovery under the DTPA.

1. Tex.Bus. & Com.Code Ann. § 17.41 et seq. (Vernon 1968), hereafter referred to as DTPA.

In order to recover under the DTPA, the person seeking relief must be a consumer as defined in section 17.45(4), which defines consumer in terms of a purchaser of goods or services. *Riverside National Bank v. Lewis*, 603 S.W.2d 169 (Tex.1980). In *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535 (Tex.1981), the court stated:

> We have also recognized at least two requirements that must be established for a person to qualify as a consumer under the DTPA. One requirement is that the person must have sought or acquired goods or services by purchase or lease.... Another requirement recognized by this Court is that the goods or services purchased or leased must form the basis of the complaint.... If either requirement is lacking, the person aggrieved by a deceptive act or practice must look to the common law or some other statutory provision for redress.

At the time the policy was issued, Section 17.45(2) of the DTPA defined services as follows:

> Services means work, labor, or service purchased or leased for use, for other than business or commercial use, including services furnished in connection with the sale or repair of goods. Acts 1975, 64th Legislature, p. 149, ch. 62, § 1, eff. Sept. 1, 1975.

The policy was purchased by the plaintiff for coverage of a truck used in his trucking business. This use was expressly excluded under the DTPA at the time the policy was issued. *Bennett v. Imperial Insurance Company*, 606 S.W.2d 7 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). Consequently, the plaintiff was not a "consumer" entitled to seek relief under the DTPA at the time the policy was issued. He had not purchased "services" as required by the Act.

Plaintiff further urges that he is a "consumer" entitled to recover under the DTPA because of representations made after May 28, 1977, the date his truck was vandalized. In support of this contention, he notes that the definition of services in the DTPA was amended to remove the "business or commercial use" exclusion on May 23, 1977. Acts 1977, 65th Legislature, p. 600, ch. 216, § 1, eff. May 23, 1977. The vandalism and subsequent denial of liability occurred after this date. Plaintiff contends that these representations concerning denial of liability on the policy constituted a "continuing course of misconduct" entitling him to recovery under the DTPA.

The insurance policy purchased by plaintiff is the basis of the plaintiff's DTPA complaint. The subsequent representations urged by plaintiff were not made in connection with the purchase of goods or services. *Cameron v. Terrell & Garrett, Inc.*, supra; *Hartford Casualty Insurance Company v. Carroll*, 575 S.W.2d 578 (Tex.Civ.App.—Beaumont 1978, no writ).

The plaintiff was not a "consumer" within the meaning of Section 17.45(4) at any time relevant to his DTPA claim. The jury's "unconscionable action or course of action" findings in Special Issues 7 and 8 will not support a recovery under the DTPA since plaintiff was not a consumer.

Plaintiff contends that he has proved a cause of action based on unfair claims settlement practices as set forth in Art. 21.-21–2 of the Insurance Code. He does not contend that Art. 21.21–2 creates a private right of action. *Russell v. Hartford Casualty Insurance Company*, 548 S.W.2d 737 (Tex.Civ.App.—Austin 1977, writ ref'd n.r. e.). Rather, he urges that Art. 21.21–2 is applicable through Section 17.50(a)(4) of the DTPA. Since the plaintiff is not a "consumer" entitled to recover under Section 17.50(a), we do not reach the question of whether Art. 21.21–2 is included in Section 17.50(a)(4).

## ARTICLE 21.21 OF THE INSURANCE CODE

Section 16, which provides the relief available to injured parties under Article 21.21, states in part:

> (a) Any person who has been injured by another's engaging in any of the practices declared in Section 4 of this Article or in rules or regulations lawfully adopted by the Board under this Article to be unfair methods of competition and unfair

and deceptive acts or practices in the business of insurance or in any practice defined by Section 17.46 of the Business & Commerce Code, as amended, as an unlawful deceptive trade practice may maintain an action against the company or companies engaging in such acts or practices.

(b) In a suit filed under this section, any plaintiff who prevails may obtain:

(1) three times the amount of actual damages plus court costs and attorneys' fees reasonable in relation to the amount of work expended;

(2) an order enjoining such acts or failure to act;

(3) any other relief which the court deems proper.

■ The plaintiff pleaded violations of the rules or regulations of the Texas Insurance Board. None of these rules or regulations were introduced in evidence. Plaintiff urges that the trial court could take judicial notice of regulations that were cited in a Texas Supreme Court opinion. See *Royal Globe Insurance Company v. Bar Consultants, Inc.*, 577 S.W.2d 688 (Tex. 1979). A district court cannot take judicial notice of Insurance Board regulations. Those regulations which were pleaded, but not introduced into evidence, will not support plaintiff's recovery. *City of Manvel v. Texas Department of Health Resources*, 573 S.W.2d 825 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.); Ray, Texas Law of Evidence § 178 (Texas Practice 1980).

■ Plaintiff argues that the defendants' failure to furnish him with a copy of the "group policy," as found by the jury, entitles him to treble damage recovery. Also, he contends that the failure of the defendants to inform him of the conditional sale provision in the policy is actionable conduct. Neither of these omissions are specifically listed in 17.46(b) as a deceptive act. Moreover, we point out that Section 17.46(b)(23), regarding "the failure to disclose information concerning goods or services . . . .," was added by amendment subsequent to the date the cause of action in the instant case arose. Acts 1979, 66th Leg., p. 1327, ch. 603, § 3, eff. August 27, 1979. Section 9 of the amendatory act provided: "This Act shall be applied prospectively only. Nothing in this Act affects either procedurally or substantially a cause of action that arose either in whole or in part prior to the effective date of this Act." Acts 1979, 66th Leg., p. 1332, ch. 603, § 9, eff. August 27, 1979. Neither the defendants' failure to furnish the plaintiff with a copy of the group policy, nor the defendants' failure to inform the plaintiff of the conditional sale provision in the policy is a deceptive act as defined in Section 17.46(b), so as to be actionable conduct under Section 16 of Art. 21.21 of the Insurance Code. *Mobile County Mutual Insurance Company v. Jewell*, 555 S.W.2d 903 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.).

The relevant portions of Section 4 of Art. 21.21 of the Insurance Code provide:

The following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance:

(1) Misrepresentations and False Advertising of Policy Contracts. Making, issuing, circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement misrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised thereby or the dividends or share of the surplus to be received thereon . . . .

As a matter of law, neither the failure of the defendants to furnish the plaintiff with a copy of the group policy, nor the defendants' failure to inform the plaintiff of the conditional sale provision is a violation of Section 4 of Art. 21.21. Neither will support recovery under Art. 21.21.

■ There is no evidence to support the other special issues submitted under Art. 21.21. *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974). Those issues were submitted in terms of Section 4 of Art.

21.21 and Section 17.46(b)(12) of the DTPA.[2] The latter section defines a deceptive act as follows:

> (12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law . . . .

When the policy was issued, B. F. Walker assured the plaintiff that his truck was covered. When Nail began driving plaintiff's truck, both the plaintiff and Nail were told that the truck was covered. After the loss occurred, B. F. Walker consistently maintained that there was not a conditional sale exclusion and that the loss should be paid by the insurer. In Special Issue 21, the jury found that the truck was not subject to any bailment, lease, conditional sale, mortgage or other encumbrance. The jury found in Special Issue 21a that the policy exclusion relating thereto did not apply. There is no evidence that B. F. Walker "misrepresented", "knowingly misrepresented," or "represented that the policy would involve rights or remedies or obligations that it did not have."

■ There is no evidence to support the findings against Noble Transport, Inc. The policy, when originally secured by Alexander & Alexander, Inc., was sent to the corporate risk manager for B. F. Walker, Inc. and Noble Transport, Inc. for approval. This was the only connection Noble Transport had with the policy. There is no evidence in the record of any representations made by Noble concerning the policy. Moreover, the mere fact that Noble Transport, Inc. is the parent company of B. F. Walker, Inc. is not sufficient to charge Noble with responsibility for representations made by B. F. Walker, a subsidiary corporation. *Bell Oil & Gas Company v. Allied Chemical Corporation*, 431 S.W.2d 336 (Tex. 1968).

■ Alexander & Alexander, Inc. acted as Walker's agent in procuring the policy. There is no evidence in the record of any misrepresentations made before the loss occurred. Before the loss occurred, Alexander & Alexander, Inc. represented that all qualified B. F. Walker drivers were covered under the policy. There is no evidence that all qualified drivers were not covered.

Post-loss representations made by Alexander & Alexander would only be actionable if it had actual or apparent authority to make the representations, or if the plaintiff had taken any action based on such post-loss representations to his loss or injury. *Royal Globe Insurance Company v. Bar Consultants, Inc.*, 577 S.W.2d 688 (Tex. 1979). Alexander & Alexander was not in the business of adjusting claims. Crawford and Company was the independent adjuster secured by Seaboard Underwriters, Inc., the insurance wholesaler, to investigate the claim. There is no evidence or jury finding that any post-loss statements made by Alexander & Alexander were within its actual or apparent authority.

Plaintiff did not take any action based on any post-loss representations made by Alexander & Alexander, Inc. Initially, they advised the plaintiff that he was covered under the policy. This representation was

---

2. The jury answered the following special issues in favor of plaintiff:

(a) *Special Issue 1*—B. F. Walker, Inc. and/or Noble Transport, Inc., Alexander & Alexander, Inc., Bellefonte Insurance Company, and Seaboard Underwriters, Inc., "misrepresented the insurance policy in question;"

(b) *Special Issue 3*—The defendants named in Special Issue 1 "represented to Plaintiff Joe Reed that the policy of insurance in question involved rights and remedies which it does not have or involve;"

(c) *Special Issue 5*—The defendants named in Special Issue 1 "knowingly misrepresented to Plaintiff Joe Reed pertinent facts or policy provisions relating to the coverage at issue;"

(d) *Special Issue 11*—Alexander & Alexander, Inc. "misrepresented the terms of the policy in question in representing that all qualified B. F. Walker drivers would be covered when in fact they were not;"

(e) *Special Issue 15*—B. F. Walker, Inc., "through its servants, agents, or employees, represented to Plaintiff Joe Reed that the policy procured by Defendant Alexander & Alexander, Inc. would involve rights or remedies or obligations that it did not have."

We will not reach the numerous points of error challenging the court's charge, including the complaint that the court erred in failing to submit the producing cause issue as to each defendant separately.

true. After the claim was being investigated, an employee of Alexander & Alexander, Inc. advised plaintiff of the conditional sale exclusion problem. Plaintiff did not attempt to repair or refrain from repairing the truck on the basis of these representations. Reed was notified of the denial of the claim by the adjuster, Crawford and Company, not by Alexander & Alexander. There is no evidence that the plaintiff relied on any post-loss representation made by Alexander & Alexander, Inc. *Royal Globe Insurance Company v. Bar Consultants, Inc.*, supra.

Coverage under the group insurance policy was ultimately placed entirely with Bellefonte Insurance Company by Seaboard Underwriters, Inc., an insurance wholesaler. There is no evidence of any representation made by Seaboard Underwriters at any time. Its sole connection with the controversy was the original placement of the policy, and the employment of Crawford and Company to investigate the claim.

Bellefonte Insurance Company made no direct representations of any kind to plaintiff apart from the denial of liability under the policy. The insurer denied plaintiff's claim following an investigation by Crawford and Company, the adjuster, and the recommendation of a "local" attorney that the arrangement between plaintiff and Nail constituted a conditional sale. As a matter of law, denial of the claim did not give rise to treble damage liability under the DTPA or Art. 21.21 of the Insurance Code. *General Accident, Fire and Life Assurance Corporation, Ltd. v. Legate*, 578 S.W.2d 505 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.); *Rodriguez v. Texas Employers' Insurance Association*, 598 S.W.2d 677 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.). The insurer's denial of liability forms the basis for the institution and maintenance of plaintiff's claim for the enforcement of contractual rights created by the policy. *General Accident, Fire and Life Assurance Corporation, Ltd. v. Legate*, supra. We will reverse and render that portion of the judgment awarding treble damages to the plaintiff. Consequently, we do not reach the question of whether the damages awarded, including "$25,000 for future mental anguish, if appealed," were proper.

## SUIT ON THE POLICY

The trial court rendered judgment against American Insurance Companies and/or Lloyds of London, Penn General Agency (N.C.), Inc., Seaboard Underwriters, Inc., a Division of Penn General Agency (N.C.), Inc., Bellefonte Insurance Company and/or Bellefonte Underwriter's Insurance Company for damages resulting from the suit on the policy. These damages were cost of repairs ($12,737.50), value of loss of use ($110,000), storage charges ($3,200) and cost of repairs actually done ($749). There is no evidence that any of the defendants, other than Bellefonte Insurance Company, are liable for damages resulting from the suit on the policy. *Martinez v. Delta Brands*, supra. The evidence establishes that Bellefonte Insurance Company had "100%" of the insurance coverage.

The only witness who testified as to the cost of repairs on the plaintiff's truck was the service manager at the truck center where the truck was originally taken by Nail for repairs. Cost of repairs must be reasonable and necessary. *Pasadena State Bank v. Isaac*, 228 S.W.2d 127 (Tex.1950). The only evidence in the record is the "estimated" cost of repairs. This is no evidence as to the reasonableness of those costs. *Bradley v. Castro*, 591 S.W.2d 304 (Tex.Civ. App.—Fort Worth 1979, no writ).

We will reverse and render that portion of the judgment granting plaintiff a recovery on the policy as to all defendants except Bellefonte Insurance Company. We will reverse and remand plaintiff's suit on the policy as to Bellefonte Insurance Company.

In Special Issues 17 and 18, the jury found that Alexander & Alexander was negligent in procuring the policy and that such negligence was a proximate cause of plaintiff's damages. As a matter of law, we hold that Alexander & Alexander was not negligent. The policy obtained by Alexander & Alexander covered the damage

to plaintiff's truck. Obtaining insurance which covers the loss cannot be negligence.

The judgment of the trial court in favor of plaintiff against defendants, American Insurance Companies, Lloyds of London, Penn General Agency (N.C.), Inc., Bellefonte Underwriters Insurance Company, Seaboard Underwriters, Inc., Alexander & Alexander, Inc., Noble Transport, Inc., and B. F. Walker, Inc., is reversed and judgment is rendered that plaintiff take nothing against these parties. The judgment in favor of plaintiff against Bellefonte Insurance Company is reversed and judgment is rendered that plaintiff take nothing against Bellefonte Insurance Company as to all causes of action urged by plaintiff against Bellefonte Insurance Company, except plaintiff's suit for contractual recovery under the insurance policy. Plaintiff's suit for contractual recovery against Bellefonte Insurance Company, under the insurance policy, is reversed and the cause is remanded. Tex.R.Civ.P. 434.