**Miguel ARANDA, Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA and Lumbermans Mutual Casualty Company, Appellees.**

**No. B14–86–173–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 18, 1986.

Rehearing Denied Jan. 15, 1987.

Karen A. Lerner, Houston, for appellant.

Joe L. Guyton, Kurt Groten, Houston, for appellees.

Before ROBERTSON, SEARS and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

The trial court sustained special exceptions to appellant's fourth amended petition and ordered appellant to amend his pleadings within forty-five days. Appellant failed to amend; accordingly, the trial court dismissed the cause. In five points of error appellant contends his petition properly alleged a cause of action. We disagree and affirm.

Appellant's claim was based upon the appellee's alleged failure to negotiate his claim for workers' compensation benefits. He based his cause of action upon four theories: (1) the violation of the [common law] duty of good faith and fair dealing owed to an insurance claimant; (2) the intentional infliction of a prima facie tort based upon duties created by the rules of the Industrial Accident Board; (3) the intentional infliction of duress; and (4) the intentional infliction of emotional distress.

Since the special exceptions were sustained as to the legal and factual sufficiency of the pleadings, we must assume the facts as alleged to be true. Appellant alleged that each of the appellees were insurance carriers carrying insurance under the provisions of the Texas Workers' Compensation Act. On March 15, 1982, Insurance Co. of North America (INA) carried a policy of Workers' Compensation insurance on AMF Tuboscope, one of appellant's employers. On that same date, Lumberman's Mutual Casualty Co. (Lumberman's) carried a policy of Workers' Compensation insurance on Uni-Mineral, appellant's other employer. Appellant was earning wages from both employers which entitled him to the maximum compensation benefit from either employer. On March 15, appellant began to experience the first manifestations of a repetitious traumatic injury which continued to the point that he was unable to work on March 26. This injury was compensable under the Workers' Compensation statute because it was caused by activities performed by appellant in the course and scope of his employment with both AMF Tuboscope and Uni-Mineral. Appellant alleged that he was entitled to benefits from either of the appellees under Art. 8306, Sec. 20 V.A.C.S.

Appellant filed a claim for Workers' Compensation benefits on April 19, stating AMF Tuboscope as his employer and INA as the carrier. Appellant later filed a second claim for compensation naming Uni-Mineral as his employer and Lumberman's as the carrier. INA and Lumberman's investigated the claims and determined that appellant was employed by both companies, that the injuries sustained by appellant were the result of his work at either or both of his employers, and that his injuries were compensable. Unable to agree between themselves as to which carrier bore primary responsibility, neither appellee initiated or paid weekly disability benefits until the claims could be presented at a prehearing conference before the Industrial Accident Board.

Appellant alleged that both of the appellees breached their duty of good faith and fair dealing by, among other things: failing to make payments to appellant when each appellee knew that he was entitled to those payments under the terms of the Workers' Compensation statute and the respective insurance policies; failing to attempt to settle in good faith, promptly and equitably, appellant's claim for Workers' Compensation benefits when each appellee's liability was clear; and intentionally depriving appellant of his legally protected property interest in his Workers' Compensation benefits. Each of the acts or omissions was alleged to be distinct and independent of the claim for compensation, even though they arose out of the claim for compensation. In addition, INA was alleged to have violated its duty of good faith and fair dealing by failing to attempt in good faith to effectuate a prompt and fair settlement of appellant's claim by working with Lumberman's to settle the claim.

This conduct was alleged to have been done intentionally and with conscious disregard of appellant's rights and with intent to inflict emotional distress upon appellant, thus justifying an award for punitive damages. The specific damages claimed were not connected to damages compensable under the Workers' Compensation statute.

In his first point of error appellant contends the court erred in sustaining the special exception to his cause of action for the appellee's violation of the duty of good faith and fair dealing. In *English v. Fischer*, 660 S.W.2d 521, 522 (Tex.1983) the supreme court rejected the theory advocated by appellant in the following language:

A basis for the judgments below was the adoption of a novel theory of law enunciated only by California courts. That theory holds that in every contract there is an implied covenant that neither party will do anything which injures the right of the other party to receive the benefits of the agreement. The courts below call this a covenant of "good faith and fair dealing."

This concept is contrary to our well-reasoned and long-established adversary system which has served us ably in Texas for almost 150 years. Our system permits parties who have a dispute over a contract to present their case to an impartial tribunal for a determination of the agreement as made by the parties and embodied in the contract itself. To adopt the laudatory sounding theory of "good faith and fair dealing" would place a party under the onerous threat of treble damages should he seek to compel his adversary to perform according to the contract terms as agreed upon by the parties. The novel concept advocated by the courts below would abolish our system of government according to settled rules of law and let each case be decided upon what might seem "fair and in good faith," by each fact finder. This we are unwilling to do.

While appellant concedes that *English v. Fischer* is "the principal case dealing with the duty of contracting parties to perform

in good faith", he argues that, "the Court only held that this covenant of good faith and fair dealing is not present in every contract." He then cites *Travelers Ins. Co. v. Savio*, 706 P.2d 1258 (Colo.1985) where the court held that a workers' compensation complainant could bring an action against a compensation carrier for bad faith, and argues that "the same duty should extend to workers' compensation claimants in Texas." We disagree.

■ It is clear that appellees' denial of appellant's claim, or their failure to pay compensation due appellant under any enforceable contract, does not in any way reduce appellant's rights under the contract. *Rodriguez v. Texas Employers' Insurance Association*, 598 S.W.2d 677 (Tex. Civ.App.—Fort Worth 1980, writ ref'd n.r. e.); *General Accident, Fire & Life Assurance Corp., Ltd. v. Legate*, 578 S.W.2d 505 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.); *Lone Star Life Insurance Co. v. Griffin*, 574 S.W.2d 576 (Tex.Civ.App.— Beaumont 1978, writ ref'd n.r.e.). While this principle would apply to the denial of any first party claim, it is noted that the *Rodriguez* case involved an action for extra-contractual damages under worker's compensation insurance for refusing to "promptly and fairly settle" the compensation claim. The court denied recovery on such claim and pointed out that the claimant "possessed a statutorily created cause of action under the Workers' Compensation Act" and that the "denial of liability did not terminate or lessen its [the carriers] obligations under that Act." *Rodriguez*, 598 S.W.2d at 679.

The recent case of *Fidelity & Casualty Co. of New York v. Shubert*, 646 S.W.2d 270 (Tex.App.—Tyler 1983, writ ref'd n.r.e.) is indistinguishable. In that case, strikingly similar allegations were made concerning a breach of the "duty of good faith and fair dealing". The court stated:

The law is clear that the Workers' Compensation Act exempts employers and their carriers from common law liabilities based on negligence with certain exceptions not material here. (cites omitted).

But the Act does not exempt the employer or carrier from common law liabilities for intentional torts or injuries. (cites omitted).

Testing the appellee's allegations under Rules 45 and 47 of the Texas Rules of Civil Procedure, we conclude that no intentional tort is alleged thereby, and that a liberal construction of such allegation shows merely that the appellee seeks to recover damages, both actual (mental anguish) and punitive, because appellant wrongfully denied further liability to appellee under the Workers' Compensation Act as manifested by its discontinuance of compensation payments following the filing of the compensation suit in the court below. Appellant had a right to make this decision and to suspend payments and deny further liability under the Workers' Compensation Law. (cite omitted). And such denial of liability by the appellant did not deprive the appellee of his right of action to recover benefits under the Workers' Compensation Law and the policy issued by appellant pursuant thereto. (cite omitted).

*Shubert,* 646 S.W.2d at 278. *See also: Cantu v. Western Fire and Casualty Insurance Company, Ltd.,* 716 S.W.2d 737 (Tex.App.—Corpus Christi 1986).

■ We hold that the allegations in the petition that appellees had "intentionally breached their common law duty of good faith and fair dealing" did not state a cause of action. Accordingly, appellant's first point of error is overruled.

In his second point of error appellant contends that the court erred in sustaining special exceptions "because appellant had properly brought a cause of action for tort based upon duties created by the rules of the Industrial Accident Board." Appellant alleges that appellees violated certain statutory duties and rules of the Industrial Accident Board (IAB) by not paying his claim until after the prehearing conference before the IAB. Appellant further alleged that such acts deprived him of his legally protected property interest in benefits under the Workers' Compensation statute.

Appellees' special exception was that the petition failed to state a cause of action because denial of a claim by a compensation carrier does not give rise to a cause of action for an intentional tort, and the Workers' Compensation Act provides an exclusive statutory remedy for all negligence or gross negligence actions, to the exclusion of all other common law actions.

■ Appellant has cited no cases; appellees assert they cannot find any, and our independent research reveals none that indicate that the IAB Rules authorize a private cause of action. In fact, direct attempts to imply private rights of action from administrative regulations regarding claim—handling practices have been unequivocally rejected. *See: e.g., Cantu v. Western Fire and Casualty Insurance Company Ltd., supra; Hi-Line Electric Co. v. Travelers Insurance Co.,* 587 S.W.2d 488, 490 (Tex.Civ.App.—Dallas 1979), *writ ref'd n.r.e. per curiam,* 593 S.W.2d 953 (Tex.1980); *Alvarez v. Westchester First Insurance Co.,* 562 S.W.2d 263, 264 (Tex. Civ.App.—San Antonio), *rev'd other grounds,* 576 S.W.2d 771 (Tex.1978); *Lone Star Life Insurance Co. v. Griffin,* 574 S.W.2d 576 at 580; *Russell v. Hartford Casualty Insurance Co.,* 548 S.W.2d 737, 742 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.).

Appellant is requesting this court to adopt a remedy in tort which is not legislatively provided for in the Act. We decline his invitation. We hold that the remedies available to appellant are limited to those expressly enumerated in the Act. *Fidelity & Casualty Company of New York v. Shubert, supra; Paradissis v. Royal Indemnity Co.,* 507 S.W.2d 526 (Tex.1974). Appellant's second point of error is overruled.

In his third through fifth points of error appellant complains of the action of the court in sustaining special exceptions to his cause of action for duress (point of error three), "outrageous conduct intentionally done to cause severe emotional distress" (point of error four), and "outrageous conduct" (point of error five). As we have

already stated, appellant's remedies are expressly enumerated in the Workers' Compensation Act. We hold the trial court properly sustained the special exceptions to each of these alleged causes of actions.

Additionally, appellant has not pled facts which would constitute duress. A claim of duress cannot be based upon the doing or threatening to do an act that a party has a right to do. *Laughlin v. Federal Deposit Insurance Corp.*, 657 S.W.2d 477 (Tex.App.—Tyler 1983, no writ). The appellees had the right to deny liability under the Act. As to his alleged causes of action complained of in points of error four and five, appellant admits in his brief that the theory of both is based upon the same allegations, i.e. "outrageous conduct intentionally done to cause severe emotional distress." Emotional distress and mental anguish are not elements of damages that may be recovered in a breach of contract action or a tort action based on a right growing out of a breach of contract. *Otten v. Snowden*, 550 S.W.2d 758 (Tex.Civ. App.—San Antonio 1977, no writ). Appellant's third through fifth points of error are overruled.

The judgment is affirmed.