Esperanza ALVAREZ et al., Appellants,

v.

WESTCHESTER FIRE INSURANCE COMPANY, Appellee.

No. 15832.

Court of Civil Appeals of Texas, San Antonio.

Jan. 25, 1978.

Rehearing Denied March 1, 1978.

Pepos S. Dounson, San Antonio, for appellants.

Damon Ball, Groce, Locke & Hebdon, San Antonio, for appellee.

MURRAY, Chief Justice.

This is a summary judgment case growing out of a dispute over $10,000.00 that was paid into the register of the court that was recovered in a wrongful death action. Antonio N. Alvarez, husband of Esperanza Alvarez, appellant, was killed instantly in an automobile accident on October 25, 1973, while in the course and scope of his employment by and for Charles Carroll Company. In addition to appellant, Esperanza Alvarez, he was survived by four children all of which were over the age of 18 at the time of his death. The owner and operator of the car was Virginia Howard Williams, who was insured by Government Employees Insurance Company with a policy having an applicable limit of liability of $10,000.00. Charles Carroll Company was insured for workmen's compensation by Westchester Fire Insurance Company, appellee. At the

time of Mr. Alvarez' death the maximum weekly benefit payable under the Workmen's Compensation Law was $63.00, and appellee started paying Mrs. Alvarez $63.00 per week within seven days of the date of the accident. The appellant, Esperanza Alvarez, and her children, filed suit against Virginia Howard Williams for the wrongful death of Antonio N. Alvarez and appellee intervened in this suit on its right of subrogation. This suit was settled by an agreed judgment on January 15, 1976, and the funds were paid by check, payable jointly to appellant, Esperanza Alvarez, her children, their attorney, the appellee, and its agent. A dispute arose as to this $10,000.00 which has resulted in the present lawsuit. On August 24, 1976, Appellee filed what is designated as a cross-action against Victor A. Speert, attorney for appellant. In this cross-action appellee alleges that this suit was brought at the bequest of Victor A. Speert and that the suit is groundless and brought in bad faith or for the purpose of harassment, and prays that Victor A. Speert pay reasonable attorney's fees, expenses, and court costs. This cross-action has been severed from the main suit by the trial court. From the voluminous papers contained in the transcript, we determine that there are only two parties, to-wit: Esperanza Alvarez, appellant, and Westchester Fire Insurance Company, appellee.

In appellant's second original amended petition she alleges that she is entitled to at least $3,500.00 of the $10,000.00, and that the appellee has refused to pay said sum to her and that such refusal on the part of appellee is arbitrary and capricious and in violation of Art. 21.21–2 of the Insurance Code of the State of Texas known as the Unfair Claims Settlement Practice Act, Tex.Rev.Civ.Stat.Ann. (Supp.1976), and specifically Subchapters (D) and (E). Appellant also alleges that she is entitled to have her damages trebled under the provisions of the Tex.Bus. & Comm.Code Ann. § 17.-50(b)(1) (1968). Defendant's answer consists of a general denial only.

Paragraph (c) of Rule 166–A, Tex.R. Civ.P. (1978), was amended in 1971. It now contains this requirement:

The motion for summary judgment shall state the specific grounds therefor.

The motion filed by appellee in this case states that the appellee was not liable to the appellant for the reason that Art. 21.-21–2 of the Insurance Code does not authorize suits of any kind by private citizens, and that § 17.50 of the Business & Commerce Code is inapplicable for the simple reason that the said act does not apply to insurance policies or claims thereunder.

■ We agree with appellee that Art. 21.21–2 of the Insurance Code of the State of Texas does not authorize suits of any kind by a private citizen, and that § 17.50 of the Business & Commerce Code does not apply to the sale of insurance policies or the claims thereunder. *Russell v. Hartford Casualty Ins. Co.,* 548 S.W.2d 737 (Tex.Civ. App.—Austin 1977, writ ref'd n.r.e.).

■ The motion in our case does not state any specific grounds upon which a judgment awarding the $10,000.00 to appellee could be based, so it does not comply with Rule 166–A(c) as amended. *See Boney v. Harris,* 557 S.W.2d 376 (Tex.Civ.App. —Houston [1st Dist.] 1977).

We do not reach the appellant's other points of error. The judgment of the trial court is reversed and remanded.