Max R. HUMPHREYS and Wife, Marion Humphreys, Appellants,

v.

FORT WORTH LLOYDS, Appellee.

No. 9269.

Court of Civil Appeals of Texas, Amarillo.

May 29, 1981.

Rehearing Denied May 29, 1981.

Templeton & Garner, John Smithee and Charles Watson, Amarillo, for appellants.

Gibson, Ochsner & Adkins, Danny M. Needham, Amarillo, for appellee.

## ON MOTION FOR REHEARING

REYNOLDS, Chief Justice.

Our 15 April 1981 opinion and resultant judgment of reversal and remand are withdrawn; the ensuing opinion with our concurrently rendered judgment of reversal and remand are substituted therefor.

Max R. Humphreys and wife, Marion Humphreys, filed their action to recover damages from Fort Worth Lloyds, their insurer, for Lloyds' alleged acts and practices violating the Texas Deceptive Trade Prac-

tices-Consumer Protection Act (DTPA)[1] and the Texas Insurance Code[2] in handling the Humphreys' insurance claim. The Humphreys' action was terminated by a take-nothing summary judgment rendered on the ground that no private cause of action can be asserted for wrongful insurance claim settlement acts and practices. Inasmuch as summary judgment may not be utilized to terminate an action on the ground the pleadings fail to state a cause of action, this cause must be returned to the trial court.

Lloyds issued its homeowner's insurance policy to the Humphreys. While the policy was in force, an automobile operated by Chris Gholston careened into the Humphreys' insured residence. The Humphreys instituted a lawsuit against Gholston, subsequently settled with him and his insurance carrier, and executed a formal release.

The Humphreys then brought the action underlying this appeal against their insurer, Lloyds. They alleged that Lloyds committed certain described acts and practices, declared in legislation to be unlawful, unfair and deceptive, in disclaiming responsibility for, and in refusing to negotiate a reasonable settlement of, their loss, thereby forcing them into the lawsuit against Gholston to their damage. The legislation pleaded as authority for their action was Sections 17.-46(a) and 17.46(b)(5), (8), (13) and (14) of the DTPA and Sections 4 and 16 of Article 21.21 in the Insurance Code.

Lloyds answered with a plea in abatement, special exceptions, a general denial and affirmative defenses. Lloyds pleaded as a special exception and an affirmative defense that the Humphreys had failed to allege a cause of action upon which private individuals may sue under the laws of this State. The record does not show, and there is no contention, that the special exceptions were presented to and acted upon by the trial court.

[1]. The Deceptive Trade Practices-Consumer Protection Act is a part of the Texas Business and Commerce Code, Section 17.41 *et seq.* (Vernon Supp.1980–1981).

[2]. Tex.Ins.Code Ann. (Vernon 1963; Vernon 1963 to 1980 Pamphlet Supp.).

Thereafter, Lloyds moved for summary judgment. The predicate for the motion and for the summary judgment rendered is that no private cause of action can be asserted for wrongful claim settlement practices.[3]

On submission of the Humphreys' appeal, we accepted the litigants' concession that the sole appellate question is whether the Humphreys are entitled to maintain a private cause of action for Lloyds' alleged unfair or deceptive claim settlement practices in handling the Humphreys' claim under the homeowner's insurance policy. Inherent in the question posed was the further necessary concession that the Humphreys had sufficiently pleaded a cause of action against Lloyds, unless a private action does not lie in law for wrongful claim settlement practices. Thus, given Lloyds' tacit, provisional grant of the pleaded private action, we were not called upon to, and we did not, consider whether the Humphreys had stated a cause of action. Instead, we considered primarily whether, as Lloyds argued, the legislature in enacting the Insurance Code's Article 21.21–2, entitled "Unfair Claim Settlement Practices," and not providing therein for a private cause of action for unfair or deceptive settlement practices in handling a claim under an insurance policy,[4] intended to exclude, and had excluded, a private cause of action for such acts and practices from the operation of the statutes upon which the Humphreys' action is founded. We originally concluded that the legislature did not intend Article 21.21–2 to, and it does not, foreclose a private cause of action for the wrongful handling of an insurance claim by acts and practices which are declared, in other statutes the legislature enacted at the same session, to be unfair or deceptive in the business of insurance, and for which a private cause of action is sanctioned.[5]

However, upon further reflection of the nature of the cause on appeal in considering Lloyds' motions for rehearing, we judicially noticed that the question whether pleadings fail to state a cause of action may not be resolved by summary judgment proceedings. In *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974), summary judgment had been rendered on the ground that the pleadings failed to state a cause of action. Encountering this situation, the Supreme Court, in affirming the intermediate appellate court's reversal of the summary judgment and remand of the cause, held that an attack on pleadings for the failure to state a cause of action must be made by special exception and not by motion for summary judgment. 513 S.W.2d at 9–10.[6] This principle, squarely decided by the Supreme Court, is a binding precedent, *Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex.1964), which we are bound to honor and follow. *Woodard v. Texas Dept. of Human Resources*, 573 S.W.2d 596, 598 (Tex.Civ.App.—Amarillo 1978, writ ref'd n. r. e.).

Here, Lloyds had filed special exceptions to the Humphreys' pleadings, one of which was that the Humphreys had failed to state a cause of action. The trial court has not acted upon the special exception; therefore, neither the trial court nor this court was at liberty to decide the respective questions posed in a summary judgment proceeding.

---

3. The summary judgment motion also contains a ground that the cause of action alleged is barred by the pleaded affirmative defenses of election of remedies, release and estoppel or res judicata; however, this ground admittedly has been mooted by the Humphreys' judicial denial that their action is one for breach of their insurance contract.

4. In its enactment of the Article, the lawmakers empowered the State Board of Insurance to enforce the Article's provisions prohibiting insurance companies from engaging in unfair claim settlement practices.

5. We also concluded that none of the five cases cited by Lloyds had held, contrary to Lloyds' representation, "that there is no private cause of action for a claim for unfair settlement practices in the handling of a claim under an insurance policy."

6. Three years earlier, the Supreme Court had approved the rendition of summary judgment when plaintiff's petition fails to state a legal claim or cause of action. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540, 543, n. 1 (Tex.1971).

*Texas Department of Corrections v. Herring, supra,* at 9–10.

Accordingly, we overrule Lloyds' motions for rehearing, reverse the take-nothing summary judgment and remand the cause for further proceedings.