**M. F. McKNIGHT, et al., Plaintiffs,**

v.

**IDEAL MUTUAL INSURANCE COMPANY, Defendant,**

v.

**Lloyd Wayne GREEN, Third-Party Defendant.**

**Civ. A. No. 3–80–1669–H.**

United States District Court,
N. D. Texas,
Dallas Division.

Feb. 24, 1982.

James R. Callahan, Winstead, McGuire, Sechrest & Trimble, Dallas, Tex., for plaintiffs.

David M. Macdonald, Dallas, Tex., for defendant.

R. Michael Brown, Lubbock, Tex., for third-party defendant.

## ORDER

SANDERS, District Judge.

This case is before the Court on Defendant and Third Party Plaintiff's Motion for Partial Summary Judgment, filed November 2, 1981; Plaintiffs' response thereto, filed December 4, 1981; and Defendant's Reply to Plaintiffs' Response, filed December 24, 1981. The Court has reviewed Defendant's motion and is of the opinion that it should be, and it is hereby, GRANTED.

This case involves a dispute about Plaintiffs' coverage under an insurance policy issued to them in December 1979 by Defendant Ideal Mutual Insurance Company ("Ideal"). Under the policy, Ideal agreed to insure Plaintiffs against the direct loss of an aircraft they owned. In January 1980, Plaintiffs leased the insured aircraft to Third Party Defendant Lloyd Wayne Green ("Green") who flew it to South America. While in South America, the plane was allegedly confiscated, and Green was unable to return it. When Plaintiffs learned of the loss, they demanded payment from Ideal through its agent Wade Guest. Ideal denied liability and Plaintiffs filed this lawsuit. Green's credibility and the reason for the plane's disappearance are key issues in the case.

In Count II of the Complaint, Plaintiffs claim that after undertaking an investigation of the loss, Guest informed them that Ideal was concerned about the possibility of their collusion with Green. To satisfy this concern, Guest allegedly suggested that Plaintiffs file charges against Green for criminal conversion of the plane. Plaintiffs

contend that Guest assured them that if they did so, Ideal would pay their claim. Having received those assurances, Plaintiffs filed the charges. Shortly thereafter, Ideal denied the claim, contending that Green had converted the aircraft and that losses due to conversion were excluded from coverage under the policy. Plaintiffs claim that Ideal's action in encouraging them to file charges and subsequently refusing to pay their claim violates § 17.50(a)(4) Tex. Bus. & Com.Code (Vernon Supp.1980) (Texas Deceptive Trade Practices Act—Consumer Protection Act, hereinafter referred to as the "Act"), and specifically violates § 2(a), (d), and (e) of Article 21.21–2 of the Texas Insurance Code, and § 3(a), (d), (e), and (i) of the Rules and Regulations of the State Board of Insurance. Defendant contends that these claims should be dismissed under Rules 12(b)(6) and 54 of the Federal Rules of Civil Procedure.

Section 17.50 of the Act was passed in 1973 and amended in 1977 to give consumers additional relief for certain practices proscribed by statute or common law. Section 17.50 provides in pertinent part:

> (a) A consumer may maintain an action where any of the following constitute a producing cause of actual damages:
>
> \* \* \* \* \* \*
>
> (4) The use or employment by any person of an act or practice in violation of Article 21.21, Texas Insurance Code, as amended, or rules or regulations issued by the State Board of Insurance under Article 21.21, Texas Insurance Code, as amended.

In this case, Plaintiffs complain that the practices at issue violate § 2(a), (d) and (e) of Article 21.21–2 of the Texas Insurance Code. Article 21.21–2, otherwise known as the Unfair Claim Settlement Practices Act, authorizes the State Board of Insurance to investigate, conduct hearings, and impose sanctions when necessary for alleged violations of the Act. Section 2 of Article 21.-21–2 provides in pertinent part:

> (2) Any of the following acts by an insurer, if committed without cause and performed with such frequency as de-termined by the State Board of Insurance ... shall constitute unfair claim settlement practices:
>
> (a) Knowingly misrepresenting to claim-ants pertinent facts or policy provisions relating to coverage at issue;
>
> \* \* \* \* \* \*
>
> (d) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear;
>
> (e) Compelling policy holders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them.

Defendant contends that Plaintiffs have failed to state a claim under § 17.50 or Article 21.21–2 because neither that Article nor § 17.50 confers a private cause of action for the type of misconduct Plaintiffs allege. The Court agrees.

■ As the cases cited by Ideal establish, Article 21.21–2 was intended to authorize the State Insurance Board to investigate and sanction certain practices, not to give individuals a private cause of action. *Hi-Line Electric Co. v. Traveler's Insurance Co.*, 587 S.W.2d 488, 490 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.); *Alvarez v. Westchester Fire Insurance Co.*, 562 S.W.2d 263, 264 (Tex.Civ.App.—San Antonio), *rev'd on other grounds*, 576 S.W.2d 771 (Tex. 1978); *Lone Star Life Insurance Co. v. Griffin*, 574 S.W.2d 576, 580 (Tex.Civ.App.—Beaumont 1978, writ ref'd n. r. e.); *Russell v. Hartford Casualty Insurance Co.*, 548 S.W.2d 737, 742 (Tex.Civ.App.—Austin 1977, writ ref'd n. r. e.). Plaintiffs concede that Article 21.21–2 does not by itself authorize individual action, but contend that § 17.50(a)(4) refers to Article 21.21–2 and thereby creates a private cause of action for the practices proscribed therein. For the reasons discussed below, the Court concludes that Plaintiffs' contention is without merit.

■ First, it is not clear that the reference in § 17.50(a)(4) to "Article 21.21" was intended to include Article 21.21–2 as well.

Although both articles are aimed at regulating certain aspects of the insurance industry, the practices they describe, the remedies they supply, and even their titles are different. (Article 21.21 is entitled "Unfair Competition and Unfair Practices"; Article 21.21–2 is entitled "Unfair Claim Settlement Practices"). While these factors are not determinative, they raise some doubt as to whether Plaintiffs' reading of § 17.50 is correct.

Second, and more importantly, the case of *Humphreys v. Fort Worth Lloyds*, 617 S.W.2d 788 (Tex.Civ.App.—Amarillo 1981, no writ), cited by Plaintiffs, does not support their interpretation of the Act.

In *Humphreys*, the Plaintiff sued under § 17.50(a)(4) and Sections 4 and 16 of Article 21.21. Section 16 of Article 21.21 provides in pertinent part:

    (a) Any person who has been injured by another's engaging in any of the practices declared in Section 4 of this Article . . . to be unfair and deceptive acts or practices . . . may maintain an action against the company or companies engaging in such acts or practices.

Section 4 defines certain acts and practices as unfair business methods. The defendant in *Humphreys* argued that Article 21.21–2 prohibited plaintiffs from suing under § 17.50(a)(4) to enforce Sections 4 and 16 of Article 21.21. In rejecting that argument, the Court concluded that the defendant had misinterpreted Article 21.21–2 and misconstrued the prior case law. While it is clear that Article 21.21–2 does not confer a private cause of action, neither does it "foreclose a private cause of action for the wrongful handling of an insurance claim by acts and practices which, *by other statutes* are declared to be unfair or deceptive." *Humphreys*, 617 S.W.2d at 790 (emphasis added). In *Humphreys*, Sections 4 and 16 of Article 21.21 were the "other statutes" from which plaintiff's claims arose.

A review of the applicable case law suggests that § 17.50(a)(4) was intended to incorporate Sections 4 and 16 of Article 21.21 and other rules and regulations which authorize individual claims, not to itself create a new private cause of action. *See generally Hi-Line v. Travelers Insurance Co.*, 587 S.W.2d at 590; *Russell v. Hartford Casualty Insurance Co.*, 548 S.W.2d at 742 (recovery denied under Art. 21.21–2); *Lone Star Life Insurance Co. v. Griffin*, 574 S.W.2d 576 (Plaintiff sued under § 17.50 and § 16 of Art. 21.21; no recovery under Art. 21.21–2). Notably, there are no Texas cases in which an individual has sued and recovered under Section 17.50(a)(4) and Article 21.21–2 alone.

To construe § 17.50(a)(4) as Plaintiffs suggest would be clearly contrary to the legislative intent. The purpose of § 17.-50(a)(4) was to make the remedies of the Deceptive Trade Practices Act available to consumers who sued under Article 21.21 of the Insurance Code. Nowhere in the statute itself or the cases interpreting it is there any suggestion that it was intended to create new substantive rights. Plaintiffs' claims under § 21.21–2 are therefore DISMISSED.

Similarly, Plaintiffs' claims under the rules and regulations of the Insurance Board are without merit and are hereby DISMISSED.

In Count III of the Complaint, Plaintiffs contend that Defendant violated Section 17.50(a)(4) and Sections 4(1) and (2) of Article 21.21 of the Insurance Code, which prohibit misrepresentations and false advertising about insurance policies. To recover under § 17.50, Plaintiffs must prove that the misconduct they allege was "a producing cause of actual damages." Assuming *arguendo* that Defendant was guilty of some misconduct, Defendant contends that these claims should be dismissed because no damages resulted therefrom. In response, Plaintiffs claim that they suffered both pre- and post-loss damages.

*Pre-loss damages*

█ Plaintiffs contend that Ideal's refusal to pay their claim constitutes a repudiation of the original insurance contract and establishes that Ideal's initial representations about the policy were false. As a

result of having relied on these allegedly false representations, Plaintiffs claim that they lost the opportunity to purchase a policy that would have provided the type of coverage they wanted. In so contending, Plaintiffs attempt to bring this case within the holding of *Royal Globe Insurance Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688 (Tex. 1979).

In *Royal Globe*, the plaintiff purchased an insurance policy to cover damages to his bar. In purchasing the policy, he specifically inquired about his coverage for vandalism and was informed by the insurance agent that he was completely covered. Subsequently, the bar was vandalized and the plaintiff called defendant's agent to inquire about repairs. The agent urged him to have the necessary repairs done, and he did. The company later refused to pay for the repairs. The Court held that the plaintiff had stated a claim under Section 17.46 of the Act and Sections 4 and 16 of Article 21.21 because he was adversely affected by his reliance on the agent's misrepresentation. It denied recovery for the cost of the repairs, however, finding that the plaintiff would have made the repairs regardless of the agent's representations.

In the instant case, the dispute is of a different nature. Here, neither party disputes the fact that the policy excluded coverage for conversion; nowhere in Plaintiffs' pleadings or briefs is there any allegation that Defendant misrepresented that fact. Instead, the issue here is whether the insured property was actually converted. Clearly, this case does not involve a misrepresentation about the scope of coverage under the policy, and *Royal Globe* is inapplicable. Plaintiffs' claims regarding pre-loss damages are therefore without merit.

*Post-loss damages*

■ Plaintiffs also contend that they were damaged by relying on Guest's representations that Ideal would pay its claim if Plaintiffs filed charges against Green. By encouraging them to file charges and later treating the filing as evidence of conversion, Plaintiffs argue that they were tricked into providing Ideal with a basis for denying their claim. In so characterizing their damages, Plaintiffs attempt to distinguish this case from *Lone Star Life Insurance Co. v. Griffin*, 574 S.W.2d 576, in which a similar argument was rejected.

In *Lone Star*, the plaintiff carried an insurance policy which provided that the defendant would pay him $1000 per month for 60 months for an accidental injury resulting in a total disability, and $1000 per month for 24 months for a disability resulting from sickness. The plaintiff was disabled, received several payments from the defendant which indicated that the disability was injury-related, and was subsequently notified that the company had changed its mind and decided to extend coverage for only 24 months. The Court found that the defendant had breached its contract and was obligated to pay the plaintiff for 60 months, but denied recovery under the Deceptive Trade Practices Act. In so doing, the Court explained:

> This breach did not terminate defendant's obligations nor did it extinguish any of plaintiff's rights to be paid. He did not sustain any damage because of the action of the defendant. He still possessed the same contractual rights after defendant's breach as he had before and such rights were legally enforceable in a court of law.

574 S.W.2d at 580.

Similarly here, Plaintiffs have not been damaged as a result of Defendant's alleged misconduct. If the aircraft was not converted, Plaintiffs have the right to recover their loss; if it was converted, Plaintiffs cannot recover. Nothing that either the Plaintiffs or Defendant may have done has affected that right. The mere fact that Plaintiffs' actions may make their contentions more difficult to prove is not enough to support their damages claim. Plaintiffs' right to recovery is related to the determination of a fact, not to the ease or difficulty of proving it.

For the foregoing reasons, Plaintiffs' claims under Count III of the Amended Complaint are hereby DISMISSED.

Because the Court holds that Plaintiffs' claims under the Deceptive Trade Practices Act should be dismissed, it is not necessary to reach the issue of whether Plaintiffs have met or could meet the requirements of § 17.50(b)(1) of the Act.

Pursuant to this Order, the only remaining issues for disposition are Plaintiffs' claims under Count I of the Amended Complaint.

SO ORDERED.