Motion for Rehearing Granted













 

Motion
for Rehearing Granted.  Affirmed in Part; Reversed and Rendered in
Part.  Memorandum Opinion of March 24, 2005, Withdrawn, and Majority and
Dissenting Opinions on Rehearing filed October 5, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00103-CV

____________

 

W&F TRANSPORTATION, INC., E.H.
WILHELM, SR., 

AND MARGARET WILHELM, Appellants

 

V.

 

CINDY AND RICKY WILHELM, Appellees

 





 

On Appeal from the County
Civil Court at Law Number 1

Harris County,
Texas

Trial Court Cause No. 750,292

 





 

M A J O R I T Y   O P I N I O N   O N   R
E H E A R I N G

 

We grant the motion for rehearing filed by appellants
W&F Transportation, Inc., E.H. Wilhelm, Sr., and Margaret Wilhelm
(collectively Aappellants@).  On
rehearing, we hold that Texas Rule of Appellate Procedure 34.6(c) and the
precedent governing partial records does not apply in this case, where the only
omission from the record is (1) the nonevidentiary argument of counsel, (2)
which was not recorded pursuant to the parties= agreement to
dismiss the court reporter, (3) where neither party has assigned error arising
from counsel=s argument or otherwise suggested that those arguments
are relevant to our analysis.  We accordingly review the issues appellants
have raised on appeal. 

In eleven issues, appellants appeal a jury verdict awarding
appellees Cindy and Ricky Wilhelm (ACindy and Ricky@ or Aappellees@) actual and
punitive damages in the amount of $33,773.39, plus attorney=s fees,
postjudgment interest, and costs.  After reviewing appellants= issues, we affirm
in part, reverse in part, and render judgment dismissing the claims against E.
H. Wilhelm, Sr. and Margaret Wilhelm.  The opinion issued in this case on
March 24, 2005 is withdrawn, and the following opinion is issued in its place.

                      
I.  Rehearing of Application of
Rule 34.6(c)

In the opinion first issued in this case, we held that appellant=s failure to
comply with Rule 34.6(c) in a case where the parties agreed not to record
closing arguments waived appellants= right to
appeal.  The opinion states:

Because appellants did not request
a partial reporter=s record under this rule [34.6(c)], and
because we do not have a record of the closing arguments at trial, we must
presume the omitted portion of the record is both relevant to the disposition
of this appeal and that it supports the trial court=s judgment. 
Because we are unable to conduct a harm analysis without a record of the
closing arguments, we affirm the trial court=s judgment.

W&F
Trans., Inc. v. Wilhelm, No. 14-03-00103-CV, 2004 WL 2964084, at *1 (Tex. App.CHouston [14th Dist.]
Dec. 23, 2004, no pet. h.) (mem. op.).  This holding focused on compliance
with Rule 34.6(c); in the absence of compliance with that rule, we applied the
common law presumption that omitted portions of the record are both relevant to
and support the judgment on appeal (hereinafter Acommon law
presumption@).  Appellants filed a motion for rehearing and
rehearing en banc challenging this holding.[1]

 

On rehearing, we hold that appellants were not required to
comply with Texas Rule of Appellate Procedure 34.6(c) in order to avoid the
application of the common law presumption and thus preserve their right to
appellate review.  

A.     
The Proceedings in the Trial Court

The procedural issue in this case arises from a relatively
innocuous agreement to dismiss the court reporter at the trial court=s suggestion after
the close of the evidence.  Apparently, the court=s customary court
reporter was absent, and a deputy court reporter was working in her
stead.   This court reporter attended all of the evidentiary portions
of the trial but was dismissed by the parties just prior to closing
argument.  She recorded all of the testimony introduced at trial and included
all of the trial exhibits, and these materials have been included in the record
on appeal.  She also recorded the charge conference and the objections to
the charge.  It is not clear from the record whether the parties engaged
in voir dire or opening statements; if they did, the court reporter did not
record these portions of the trial either.  

After the evidence closed and the court charged the jury,
the trial judge asked counsel whether the court reporter could be dismissed
prior to closing argument.  Both parties agreed:

Court: At this time I will now turn the case over to
the lawyers for their closing arguments. Can we release the court reporter at
this time?

Mr. Bradie:    Yes, your Honor.

Mr. Ferebee:  Yes, your Honor.

The
parties thereafter offered closing arguments off of the record.

 

The jury returned a verdict.  Appellants moved for a
new trial and ultimately filed a notice of appeal.  Appellants raised
several arguments relating to the court=s charge, the
sufficiency of the evidence introduced at trial, and the judgment. 
Appellants have raised no issue relating to closing arguments, and appellees
have not indicated that the content of closing argument is relevant to any of
appellants= issues.[2]


B.     
Agreed Nonevidentiary Omissions Pursuant to Rule 13.1(a)

We believe that this case is governed by Michiana Easy
Livin= Country, Inc. v. Holten, 168 S.W.3d 777,
782 (Tex. 2005), in which the Texas Supreme Court held that a reporter=s record of a
pretrial hearing is necessary for the appeal only if the hearing being
challenged on appeal is evidentiary.  In Holten, the court refused
to apply the common law presumption that an unrecorded pretrial hearing
supported the judgment on appeal.  Id. 
The court explained that the clear intent of Texas Rule of Appellate Procedure
34.1 is to require a reporter=s record only where one is Anecessary to the
appeal.@  Id. (citing
Tex. R. App. P. 34.1).  The
court held that refusing to presume that all unrecorded hearings support the
judgment on appeal avoids the inefficient circumstance of requiring parties to
record everything in order to show nothing relevant occurred.  Id.

As the court explained, if a pretrial hearing is Anonevidentiary@ and is instead merely
the argument of counsel, the common law presumption should not apply:  

What is clear is that a reporter=s record is required only if evidence is introduced in open
court; for nonevidentiary hearings, it is superfluous.

                                                          
* * *

[R]equir[ing] every hearing
to be recordedCwhether evidentiary (to show what was presented) or
not (to show nothing was) [would be] wasteful, [and] would frustrate the intent
of our appellate rule requiring a reporter=s record only Aif necessary to
the appeal.@

Id. (quoting Tex. R. App. P. 34.1).  The court
accordingly refused to Apresume that evidence was presented that
support[ed] the trial court=s order.@  Id. at
781.

 

Holten=s ruling and rationale are persuasive in
this case, which like Holten, involves a record omission of counsel=s arguments that
is indisputably nonevidentiary.[3] 
Otherwise, the reporter=s record before us is complete and
contains all of the evidence introduced at trial.[4] 
That record contains all of the witness testimony heard at trial and all of the
exhibits that the parties introduced into evidence.  Under these
circumstances, we are not willing to dismiss the appeal by applying the
presumption that unrecorded nonevidentiary portions of trial such as closing
argument support the judgment on appeal.

The fact that Holten addressed a pretrial hearing
instead of a trial does not change our analysis.  Pretrial hearings, such
as the hearing held on personal jurisdiction in Holten, can be and often
are dispositive.  Indeed, pretrial hearings commonly concern matters, such
as subject matter jurisdiction, that are essential to a court=s power to
act.  See, e.g., Tex.
Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217,
226 (Tex.
2004) (advising early resolution of jurisdictional disputes). 
Nevertheless, the supreme court has held that these hearings do not need to be
recorded and included in the record on appeal unless they are
evidentiary.  In Holten, the court stated that if Aonly arguments by
counsel are presented in open court,@ a reporter=s record of the
proceeding is not needed.  168 S.W.3d at 782.  We see no basis for
treating the arguments of counsel that occur at trial after the evidence has
closed any differently.

 

Rule 13.1 requires court reporters to Amake a full record
of the proceedings@ unless Aexcused by
agreement of the parties.@  Tex.
R. App. P. 13.1(a).  As the court stated in Holten, because
Rule 13.1 permits parties to dismiss the court reporter by agreement, it Aimplies an
agreement that no record was made because none was needed.@  168 S.W.3d
at 782.  In this case, we believe that no record was made because both
parties agreed that none was needed.  We will not now penalize appellants
for making this agreement. 

 C.    
The Common Law Presumption and Rule 34.6(c)

Historically, A[t]he burden [has
been] on the appellant to see that a sufficient record [is] presented to show
error requiring reversal.@  See Christiansen v. Prezelski,
782 S.W.2d 842, 843 (Tex. 1990) (citing former Texas Rule of Civil Procedure
50(d)).  As a corollary to Rule 50(d), courts applied the common law
presumption that whatever was omitted from the record was relevant to and
supported the judgment on appeal.[5] 
As one court explained, A[i]t is the appellant who has the burden
of bringing forward a statement of facts.  Unless the record [on appeal]
shows to the contrary, every reasonable presumption must be indulged in favor
of the findings and judgment of the trial court.@  Wright v.
Wright, 699 S.W.2d 620, 622 (Tex. App.CSan Antonio 1985,
writ ref=d n.r.e.). 

Rule 34.6(c) was developed in order to avoid the common law
presumption.  See Schafer v. Connor, 813 S.W.2d 154, 155 (Tex. 1991);
Christiansen, 782 S.W.2d at 843.  The rule specifies a set of
procedures that apply when Athe appellant requests a partial reporter=s record.@  Tex. R. App. P. 34.6(c)(1).  In relevant
part, Rule 34.6(c)(1) provides:

(1) Effect on Appellate Points or Issues.  If the appellant
requests a partial reporter=s record, the appellant must include in the request a statement of the
points or issues to be presented on appeal and will then be limited to those
points or issues.

(2) Other Parties May Designate Additions.  Any other party may
designate additional exhibits and portions of the testimony to be included in
the reporter=s record.

                                                          
* * *

 

(4)  Presumptions.  The
appellate court must presume that the partial reporter=s record
designated by the parties constitutes the entire record for purposes of
reviewing the stated points or issues.

Tex. R. App. P. 34.6(c)(1)B(2), (4). 
The rule mandates a codified presumptionCAthat the partial
reporter=s record . . .
constitutes the entire record@Cto replace the common law presumption.

The purpose of Rule 34.6(c) is to protect an appellee from
having to defend an appeal without parts of the record that support its
defense.  The statement of points or issues mandated by Rule 34.6(c) gives
an appellee notice of the issues to be appealed, so that it can designate
additional portions of the record that may be necessary for its case.  ACompliance with
the rule . . . affords the opposing party an opportunity to designate
additional material to be included in the statement of facts which it deems
relevant to the issues on appeal, as defined by appellant.@  Superior
Packing, Inc. v. Worldwide Leasing & Fin., Inc., 880 S.W.2d 67, 70
(Tex. App.CHouston [14th Dist.] 1994, writ denied).  AAbsent such a
specific statement [of points or issues], the Appellee is left to guess which
additional portions of the evidence should be included in the statement of facts.@  Gardner
v. Baker & Botts, L.L.P., 6 S.W.3d 295, 296B98 (Tex. App.CHouston [1st
Dist.] 1999, pet. denied).

Non-compliance with Rule 34.6 and application of the common
law presumption ordinarily has the practical effect of destroying an appellant=s right to appeal.
AThe application of
this presumption often triggers very severe consequences.@  Middleton
v. Nat=l Family Care Life Ins. Co., No.
14-04-00428-CV, 2006 WL 89503, at *2 (Tex. App.CHouston [14th
Dist.] Jan. 17, 2006, no pet. h.) (mem. op.); see also Superior
Packing, 880 S.W.2d at 70 (AOver the years, limiting the record on
appeal has become hypertechnical, risky, and a close encounter with
malpractice.  This is because of the disastrous consequences which result
if an appellant does not follow the procedures explicit and implicit within the
rule.@ (citations
omitted)). 

 

Courts, including this one, routinely apply the common law
presumption when an appellant has filed a partial record but has failed to give
the appellee notice of the points and issues to be appealed in compliance with
Rule 34.6(c).  See Mason v. Our Lady Star of the Sea Catholic Church,
154 S.W.3d 816, 818 (Tex. App.CHouston [14th
Dist.] 2005, no pet.); Coleman v. Carpentier, 132 S.W.3d 108, 111 (Tex. App.CBeaumont 2004, no
pet.);  Superior Packing, 880 S.W.2d at 70.  Applying the
common law presumption as a sanction is appropriate in these cases, because in
each, the appellant omitted from the record evidence introduced at trial,
potentially prejudicing the appellee in defending the issues on appeal.  See,
e.g., Mason, 154 S.W.3d at 820 (discussing inadequacy of notice of
appellate issues that an appellant filed Afour months after
appellees= briefing had been completed@).  It is not
fair to let an appellant create a record containing only the portions of the
evidence and transcript that support its arguments.  Employing the common
law presumption to require an appellant to either designate a complete record
or provide notice of the issues it intends to appeal guards against this
possibility.

The Texas Supreme Court, however, has rejected an approach
of Astrict compliance@ with Rule 34.6 in
order to avoid the effect of the common law presumption.  See Bennett
v. Cochran, 96 S.W.3d 227, 229 (Tex.
2003) (evaluating compliance with rule in terms of whether the appellee had
been prejudiced).  While acknowledging that the statement of points and
issues remained necessary under the rule, the court approved a statement that
had been filed two months late, holding:

Here, the objective behind Rule
34.6(c)(1) was fully served. [Appellee] does not allege that he was deprived of
an opportunity to designate additional portions of the reporter=s record, nor does
he assert that [appellant=s] delay otherwise prejudiced the
preparation or presentation of his case. Under these circumstances, we hold
that Rule 34.6 does not preclude appellate review of [appellant=s] legal and
factual sufficiency issues.

 

Id. at 230.  The
court Areiterated [the]
commitment to ensuring that courts do not unfairly apply the rules of appellate
procedure to avoid addressing a party=s meritorious
claim@ and refused to
apply the common law presumption.  Id.
at 229.

D.     
Rule 34.6(c) Does Not Apply In This Case.

Compliance with Rule 34.6(c) was unnecessary and would have
served no purpose in this case.  Because the material had been omitted by
the agreement of both parties, appellees did not need notice of the points and
issues on appeal or an opportunity to designate omitted parts of the record. 
See id.  Even if appellants had provided notice of the points and
issues as mandated by the rule, appellees could not have responded with a
counter-designation.  The omitted material simply did not exist to be
included in the record because the trial court had dismissed the court
reporter.  This situation differs markedly from that contemplated by Rule
34.6(c), in which one party designates and submits only certain portions of an
existing reporter=s record when considering the issues it
will appeal.

The reality of this case is that appellants requested that all
of the existing reporter=s record be included in the record on
appeal.  Texas Rule of Appellate Procedure 34.6(a)(1) defines the reporter=s record,
providing that A[i]f the proceedings were stenographically
recorded, the reporter=s record consists of the court reporter=s transcription of
so much of the proceedings, and any of the exhibits, that the parties to the
appeal designate.@  The entire record that the deputy
court reporter transcribed is before this court.  That record contains all
of the witness testimony heard at trial and all of the exhibits that the
parties introduced into evidence.  It contains a transcription of the
charge conference and the parties= objections to the
jury charge.  Under these circumstances, it was not necessary for
appellants to comply with Rule 34.6(c)=s provisions
governing Apartial records.@  See,
e.g., 3519 McKinney, Inc. v. Sheets, No. 05-95-00044-CV, 1996 WL 14080, at
*3 (Tex. App.CDallas Jan. 2, 1996, no writ) (not designated for
publication) (AWhat constitutes a >partial statement
of facts= [under Rule
34.6(c)=s predecessor,
Rule 53(d)] is not defined in the rules.@). 

 

We are not aware of any cases requiring compliance with Rule
34.6, or applying the common law presumption, when the only omission from the
record is nonevidentiary.[6] 
To the contrary, other courts have refused to apply the common law presumption
when a party failed to comply with Rule 34.6(c) but omitted a nonevidentiary
portion of the reporter=s record.  In Tovar v. Mazza,
No. 04-98-00387-CV, 1999 WL 174064, at *2 (Tex. App.CSan Antonio Mar.
31, 1999, no pet.) (not designated for publication), for example, the court
distinguished between nonevidentiary omissions such as voir dire and closing
argument and evidentiary omissions such as exhibits, stating that A[b]ecause the
[non-recorded] voir dire and closing statements are not evidence, it is
doubtful they would have added anything to our decision.@  The court
declined to presume that the nonevidentiary portions of the record supported
the judgment. Id.; see also Sheets, 1996 WL 14080, at *1B2 (declining to
presume that omitted voir dire, opening statements, and closing arguments
supported judgment where Ano evidence was omitted in this case@); John Hill
Cayce, Jr. & Anne Gardner, Civil Appeals in Texas: Practicing Under the
New Rules of Appellate Procedure, 49 Baylor
L. Rev. 867, 924 & n.377 (1997) (AVoir dire and jury
argument may be safely omitted from the request [for a reporter=s record] if
unchallenged on appeal.@).

E.     
The Common Law Presumption Should Not Be Applied.

 

We will not apply the common law presumption that closing argument,
omitted from the record because it was not recorded by agreement of the
parties, is relevant to and supports the judgment on appeal.  Holten
compels this result, see 168 S.W.3d at 783, which is also consistent
with the Texas Rules of Appellate Procedure.  See Tex. R. App. P. 13.1(a) &
34.1.  Moreover, this holding is the only way to honor the Texas Supreme
Court=s admonition to
interpret the rules in a manner that preserves a court=s ability to
review the merits of a party=s claim.  See Bennett, 96
S.W.3d at 229; Schafer, 813 S.W.2d at 155 (disapproving Ahypertechnical@ interpretation of
Rule 53(d)).  As the court stated in Holten, A[o]ur appellate rules are
designed to resolve appeals on the merits, and we must interpret and apply them
whenever possible to achieve that aim.@  168 S.W.3d
at 784.

Contrary to the dissent=s discussion, we
do not believe that Rule 34.6(c) and the precedent developed when a party fails
to comply with that rule are controlling in this case.[7]
For the reasons we have discussed, Rule 34.6(c) does not contemplate the
circumstance where the parties have agreed to dismiss the court reporter. 
Moreover, the rule does not provide a remedy for addressing parts of the
proceedings that were not recorded.  Although the dissent seems to agree
on rehearing that Rule 34.6(c) does not apply to this case, the dissent
continues to rely on precedent developed under that rule, which applies the
common law presumption when a party has failed to comply with Rule 34.6(c)=s requisites. 

         
The primary problem with the dissent=s approach is that
it threatens to establish a precedent essentially preventing parties from ever
agreeing not to record a nonevidentiary portion of trial.  The dissent
would hold that any nonevidentiary omission from the reporter=s record must be
presumed to support the judgment, because it is possible that counsel invited
the argument of which he complains on appeal.[8] 
This approach would have the practical effect of denying an appellant the right
to an appeal merely for agreeing that the court reporter need not record every
aspect of trial proceedings. 

 

This approach is neither fair nor efficient, and it ignores
certain express provisions of the Texas Rules of Appellate Procedure.  Our
appellate rules give the parties a measure of control over the contents of the
reporter=s record. 
For example, only the clerk=s record is essential to the appeal; the
reporter=s record need only
be included in the appellate record Aif necessary to
the appeal.@  Tex. R.
App. P. 34.1.  The dissent=s approach ignores
this particular provision, essentially holding that a record of everything that
occurred at trial must be recorded and produced to preserve a party=s rights on
appeal.

The dissent=s approach also compromises the
flexibility apparent in the rules.  The appellate rules provide many
mechanisms for the parties to create the record on appeal.  The record may
be the product of the parties= agreement, or it may consist of an agreed
statement of the case in lieu of a record.  Tex. R. App. P. 34.2 & 34.3.  Any inaccuracies in
the reporter=s record may be corrected by agreement of the parties
or referred to the trial court for resolution.  Tex. R. App. P. 34.6(e).  Finally, as occurred in this
case, pursuant to Texas Rule of Appellate Procedure 13.1(a), the court reporter
may be Aexcused by
agreement of the parties@ from recording every aspect of the
proceedings.[9] 
The dissent=s approach undermines this provision by threatening
the complete loss of appellate rights.[10] 
        

 

The dissent=s approach would also foster
unfairness.  As a practical matter, when both parties agree not to record
the argument of counsel, it is not fair to later deprive one party of its right
to appellate review.  Fairness is implicated because the rules do not warn
that a waiver of appellate rights may occur if a party agrees to dismiss the
court reporter under Rule 13.1(a).  In this case, for example, if
appellants had imagined that a summary dismissal awaited them on appeal, they
certainly never would have agreed that the deputy court reporter could leave
after the close of the evidence.  In addition, although we do not suggest
impure motives on the part of appellees in this case, the dissent=s approach would
invite a party to Agame the system@ by agreeing with
a hapless opponent to forgo a reporter=s record of
nonevidentiary proceedings, knowing full well that the omission would guarantee
affirmance on appeal.

This is not the result contemplated by the current
rules.  See Tex. R. App. P.
13.1(a).  It also fails to reflect the reality of modern trial
practice.  In some cases, for example, it is judicially efficient to forgo
recording of nonevidentiary proceedings such as discussions with the court or
voir dire of prospective jurors.  Under the dissent=s ruling, a party
could no longer follow this practice with any confidence that the agreement
would not later be used to the party=s detriment. 


We do not agree that it is necessary for the court of
appeals to be able to access and review everything that occurred at
trial.  This is not how our adversarial system is organized.  Our
legal system is premised upon finding truth through the adversarial
process.  When one party omits something relevant from the record or from
argument, we rely on the other party to point out the omission.  We
address problems arising from trial under a system of assigned error; as an appellate
court, we do not scour the record to look for problems to which the parties
have not directed our attention.  See Pat Baker Co., Inc. v. Wilson,
971 S.W.2d 447, 450 (Tex. 1998) (AIt is axiomatic
that an appellate court cannot reverse a trial court's judgment absent properly
assigned error.@).

 

We do not believe that permitting the parties to agree to
waive the transcription of nonevidentiary portions of trial threatens an
appellate court=s power to render accurate
decisions.  Parties have every incentive to preserve their rights to
appeal by recording any part of the proceedings that may influence the outcome
of trial or provide a basis for establishing appellate error.  It is
therefore unlikely that parties will fail to record proceedings that they may
later need to use.

Contrary to Holten, the dissent would require the
appellant to produce a record of counsel=s argument in
order to establish on appeal that he never invited the error of which he now
complains.  See Holten, 168 S.W.3d at 782 (requiring recording Awould encumber
thousands of routine hearings by requiring formal proof that no proof was
offered@).  We
decline to endorse such an approach.  In light of the flexibility apparent
in the Texas Rules of Appellate Procedure and the Texas Supreme Court=s admonition to Ainterpret and
apply them whenever possible@ to achieve the aim of Aresolv[ing]
appeals on the merits,@ id. at 784, we will not presume
that closing arguments are relevant to and support the judgment on
appeal.  Accordingly, we will review the merits of the claims that
appellants raise on appeal.

                                               
II.  Background

This case arises from business dealings between Cindy and
Ricky Wilhelm, and Ricky=s father and stepmother, E.H. and Margaret
Wilhelm.  Cindy and Ricky first sued W&F Transporation, Inc., and then
later amended their pleadings to add E.H. and Margaret as Aindividuals doing
business as W&F Transportation.@ 

 

Cindy and Ricky asserted claims for fraudulent inducement,
fraud, identity theft, and breach of contract against all three
defendants.  The case was tried to a jury, and over objection, the court
submitted a charge that did not name any one of the individual defendants, but
merely inquired into the liability of AW&F
Transportation,@ an entity that was not defined.  The
jury found that AW&F Transportation@ breached the
contract and committed fraud and identity theft, and awarded damages to Cindy
and Ricky.  Based on the jury=s verdict, the
trial court entered judgment that Cindy and Ricky recover $33,773.39 in
damages; $58,095.00 in attorney=s fees; plus interest and costs from
W&F Transportation, Inc.,  E.H. Wilhelm, Sr., and Margaret Wilhelm,
jointly and severally.

                                          
III.  Issues for Review

In attempting to overturn this judgment, Appellants present
the following issues for appellate review:

(1)     Did the trial court err by submitting jury questions
1-5 because they are ambiguous? 

(2)       Did the trial court err by
submitting jury questions 1-5 because they assume defendants are jointly and
severally liable for one another=s
actions? 

(3)       Did the trial court err in
rendering judgment against E.H. and Margaret because there was no jury question
regarding their liability? 

(4)       Did the trial court err in
rendering judgment because the judgment does not conform to the jury=s verdict given that there was no liability question
submitted for any one of the defendants? 

(5)       Did the trial court err in awarding
judgment because Cindy and Ricky did not plead alter ego?

(6)       Did the trial court err in
rendering judgment against E.H. and Margaret under article 2.21 of the Texas
Business Corporation Act? 

(7)       Did the trial court err by
awarding punitive damages because Cindy and Ricky recovered no actual tort
damages?

(8)       Did the trial court err in
submitting question 6 to the jury because there is no causal connection between
question 6 on damages and question 2 on liability? 

(9)       Did the trial court err in
rendering judgment against Margaret because there is no evidence as to her
liability on any claim?  

(10)     Did the trial court err in denying the
motion for judgment notwithstanding the verdict because there is no evidence of
fraudulent intent?  

(11)     If Cindy
and Ricky are arguing a partnership theory, then did the trial court err in
rendering judgment based on a partnership because there is no evidence of a
partnership?  

 

We sustain issue three.  We also sustain issue four
with respect to E.H. Wilhelm, Sr. and Margaret Wilhelm, but overrule issue four
with respect to W&F Transportation, Inc.  Because of our disposition
of issue four, it is not necessary to address issues one, two, five, six, nine,
and eleven.  We overrule issues seven, eight, and ten.

                                           
IV.  Liability Findings

Appellants complain that the judgment imposing liability on
E.H., Margaret, and W&F Transportation, Inc. is erroneous as to each
defendant because appellees did not submit separate liability questions as to
each of the three defendants.  The jury charge in this case inquired only
as to the liability of AW&F Transportation.@  The jury
charge neither defined the term AW&F
Transportation@ nor separately inquired about the liability of either
E.H. or Margaret, individually, or AW&F
Transportation, Inc.@  Instead, the jury answered
questions only with regard to the liability of AW&F
Transportation.@  

Specifically, the jury found that (1) AW&F
Transportation fail[ed] to comply with the lease agreement that they entered
into,@ (2) AW&F
Transportation commit[ted] fraud against Ricky and Cindy Wilhelm,@ (3) AW&F
Transportation wrongfully [took] Ricky and Cindy Wilhelm=s identity,@ and (4) exemplary
damages Ashould be assessed
against W&F Transportation,@ considering among other things A[t]he degree of
culpability of W&F Transportation.@  E.H. and
Margaret are not mentioned in the charge, and neither is AW&F
Transportation, Inc.@  The question presented by this
appeal is to which defendant, if any, do the jury findings as to AW&F
Transportation@ refer.

 

When reviewing jury findings we must try to interpret the
finding in a manner that supports the judgment.  See First Fed.
Sav. & Loan Ass=n v. Sharp, 359 S.W.2d 902,
903 (Tex. 1962); see also Rice Food Mkts., Inc. v. Ramirez, 59 S.W.3d
726, 733B34 (Tex. App.CAmarillo 2001, no pet.). 
To do so, we may examine the record in order to ascertain the jury=s intent.  Carter
v. Lee, 502 S.W.2d 925,  929 (Tex. Civ. App.CBeaumont 1973,
wrif ref=d n.r.e.); see
also Bender v. S. Pac. Transp. Co., 600 S.W.2d 257, 260 (Tex. 1980)
(apparent conflicts in jury answers must be reconciled if reasonably possible
in light of the pleadings and evidence, the manner of submission, and the other
findings considered as a whole).  We may not, however, speculate about
what the jury intended in reaching a particular verdict or create certainty out
of jury findings that are ambiguous.  See Carter, 502 S.W.2d at 929
(Awe cannot arrive
at a conclusion with the certainty required of us@).

Applying these principles in this case, it is clear to us
that the jury=s findings as to AW&F
Transportation@ referred to W&F Transportation, Inc.  Here,
most of the documents in the record refer only to AW&F
Transportation,@ not to AW&F
Transportation, Inc.@  In addition, counsel for the
parties and all of the witnesses referred to the corporate entity simply as AW&F
Transportation.@  This is true even though the trial
testimony established that W&F Transportation had been incorporated since
1996.  Under these circumstances, there is no real question that the jury
intended at a minimum to impose liability on W&F Transportation, Inc. 
We accordingly hold that the judgment is proper as to W&F Transportation,
Inc.[11]

 

We do not believe, however, that the term AW&F
Transportation@ can properly be understood to refer as well to E.H.
and Margaret individually, along with also referring to the incorporated
company.  Appellees, as the parties seeking the liability finding, had the
obligation to submit jury questions as to each individual defendant.[12] 
See, e.g., Stewart & Stevenson Servs., Inc. v. Serv-Tech, Inc., 879
S.W.2d 89, 100B01 (Tex. App.CHouston [14th
Dist.] 1994, writ denied) (holding that in establishing liability, Ait is the duty of
the plaintiff to submit separate jury findings on damages@ and it was error
for damages issues not to be Aseparated as to defendant@). 
Individual questions were particularly important considering the elements of
the various claims in this case.  Appellees were pursuing claims such as
fraud and also seeking exemplary damages.  See St. Gelais v. Jackson,
769 S.W.2d 249, 260 (Tex. App.CHouston [14th Dist.] 1988, no writ) (ATexas courts have
long recognized the propriety of separate findings regarding the amount of exemplary
damages, if any, to be assessed against each defendant.@).

Appellees failed to submit individual questions, however,
proceeding to verdict with a charge that inquired only into the liability of AW&F
Transportation.@  On appeal, appellees maintain that
findings as to each defendant were unnecessary because of a 1992 assumed name
certificate.  See, e.g., A to Z Rental Ctr. v. Burris, 714 S.W.2d
433, 436 (Tex. App.CAustin 1986, writ ref=d n.r.e.) (holding
that individuals doing business as an unincorporated entity are liable for the
entity=s obligations); see
also Salyers v. Tex. Workers= Comp. Ins. Fund, No.
03-03-00011-CV, 2003 WL 22024670, at *2 (Tex. App.CAustin Aug. 23,
2003, pet. denied) (mem. op.) (ABecause they do not enjoy the protection
of corporate status, individuals who do business as an unincorporated entity
are personally liable for the entity=s obligations.@);  Old
Republic Ins. Co. v. EX-IM Servs. Corp., 920 S.W.2d 393, 396 (Tex. App.CHouston [1st
Dist.] 1996, no writ) (AWhen an individual is doing business under
an assumed name, a judgment rendered against the unincorporated association is
binding on the individual.@).  We disagree.

 

The assumed name certificate does not override the need for
separate findings as to the individual defendants in this case.  Here, the
evidence at trial established that W&F Transportation had been incorporated
in 1996 and was thus incorporated at all times relevant to this lawsuit, which
centers upon a dispute beginning in 2000.  Two witnesses testified to
W&F Transportation=s incorporation, the 1996 certificate of
incorporation was introduced into evidence, and there is no question that Cindy
and Ricky were aware that W&F Transportation was incorporated.[13] 
In light of this, the assumed name certificate does not necessarily establish
the individual liability of E.H. and Margaret.  See Negrini v. Plus Two
Advertising, Inc., 695 S.W.2d 624, 631 (Tex. App.CHouston [1st
Dist.] 1985, no writ) (holding that an assumed name certificate did not provide
a basis for establishing individual liability after an entity became
incorporated).  An assumed name certificate demonstrating how an entity
may have operated in the past does not establish the liability for an
indeterminate time in the future, even if it is misleading.  See, e.g.,
Bailey v. Vanscot Concrete Co., 894 S.W.2d 757, 759 (Tex. 1995) (Athere is no
authority for imposing tort liability on a party due to its failure to withdraw
a misleading assumed name certificate@).  The 1992
assumed name certificate has little significance considering the fact that
W&F Transportation, Inc. became incorporated long before the parties in
this case began the transactions at issue here.

 

Appellees also argue that E.H. and Margaret are precluded
from objecting to individual liability because they failed to file a verified
denial under Texas Rule of Civil Procedure 93(14).[14]  This rule
requires a verified denial A[t]hat a party plaintiff or defendant is not
doing business under an assumed name or trade name as alleged.@  Tex. R. Civ. P. 93(14);
see also Rhodes v. City of Austin, 584 S.W.2d 917, 924 (Tex. Civ. App.CTyler 1979, writ
ref=d n.r.e.) (holding
failure to deny allegation that individual was doing business under an assumed
name meant that this allegation was not in issue).  E.H. and Margaret did,
however, file verified denials under Rule 93(2), alleging that they were not
liable in the capacity in which they had been sued.  The pleading that
E.H. and Margaret filed is not defective because it is clear that E.H. and
Margaret were relying on the W&F Transportation=s corporate form to shield them from
individual liability.[15]


Because the verdict in this case does not establish the
individual liability of either E.H. or Margaret, it does not support the
judgment entered by the court.[16]  Under Texas
Rule of Civil Procedure 301, a judgment must conform to the pleadings, the
nature of the case, and the verdict.  See Tex. R. Civ. P. 301; American Ins. Co. v. Reed, 626
S.W.2d 898, 901 (Tex. App.CEastland 1982, no writ) (judgment rendered
against various insurance companies, absent separate findings of liability, Afailed to conform
to the nature of the case proved and to the verdict of the jury@ under Rule
301).  Here, the judgment entered fails to conform to the verdict insofar
as it imposes liability on E.H. and Margaret.  We therefore reverse and
render judgment that appellees take nothing from E.H. and Margaret.  See
Reed, 626 S.W.2d at 901 (any recovery against defendants not named in
charge was waived).

 

                                         
V.  Evidence of Fraud

Because we have upheld the judgment against W&F
Transportation, Inc., it is necessary for us to address some of appellants= remaining issues.
In their tenth issue, appellants assert that the evidence is legally
insufficient to support a jury finding of fraudulent intent.  The jury
found that W&F Transportation committed fraud with respect to a transaction
in which W&F Transportation induced Cindy and Ricky to pay $8,000 by
requesting a loan that they promised to repay in two weeks, allegedly without
any intention of doing so.  

In reviewing a no evidence point, we consider the evidence
in the light most favorable to the verdict and indulge every reasonable
inference that supports it.  City of Keller v. Wilson, 168 S.W.3d
802, 821B22 (Tex.
2005).  The evidence is legally sufficient if it would enable reasonable
and fair‑minded people to reach the verdict under review.  Id.
at 827B28. We credit
favorable evidence if reasonable jurors could, and disregard contrary evidence
unless reasonable jurors could not.  Id.  The trier of fact is
the sole judge of the witnesses= credibility and the weight to be given
their testimony.  Id. at 819B21.  We
cannot substitute our judgment for that of the jury, as long as the evidence
falls within the zone of reasonable disagreement.  Id. at 821B22.

 

Appellants argue that there is no evidence of fraudulent
intent to support the jury=s finding of fraud arising from appellants= agreement to
repay a loan within two weeks.  A promise to do an act in the future is
actionable fraud when made with the intention, design and purpose of deceiving
and with no intention of performing the act.[17] 
Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432, 434B35 (Tex. 1986); Wingate
v.  Acree, No. 14-01-00851-CV, 2003 WL 1922569, at *3B4 (Tex. App.CHouston [14th
Dist.] Apr. 24, 2003, no pet.) (mem. op.).  Though a party=s intent is
determined at the time of the representation, this intent may be inferred from
the party=s acts after the representation is made.  Spoljaric,
708 S.W.2d at 434. Failure to perform, standing alone, is no evidence of the
promissor=s intent not to perform when the promise was
made.  Id. at 435.  However, that fact is a circumstance to be
considered with other facts to establish intent.  Id.  Because
intent to defraud is not usually susceptible to direct proof, in most cases it
must be proven by circumstantial evidence.  Id.  ASlight
circumstantial evidence@ of fraud, when considered with the breach
of promise to perform, is sufficient to support a finding of fraudulent
intent.  Id.  If a party denies ever having made the promise
in question, that is a factor showing no intent to perform at the time the
promise was made.  Id.  The fact that the defendant makes no
pretense of performance may also be considered in showing a lack of
intent.  Id.

We conclude that the evidence is legally sufficient to
support the jury=s finding in this case.  The evidence
introduced at trial established that E.H. requested a loan in the amount of
$11,000 from Cindy and Ricky.  Cindy testified that E.H. told her that
$8,000 of the loan would be used for payroll and repaid within two weeks, and
that $3,000 of the loan would be used for chains, binders, and tarps for the
truck on which they shared profits.  Based on these promises, Cindy sent a
wire transfer to W&F Transportation in the amount of $11,000. The $8,000
was not repaid within two weeks, and in fact has never been repaid.  With
respect to the $3,000, Cindy later learned that the tarps for the truck cost
only $150.  

E.H. denied making any promise to Cindy regarding the
money.  E.H. maintains that the $11,000 was not a loan, but was instead
intended to be used as a down payment to purchase a second truck for
Ricky.  The evidence at trial demonstrated that E.H. purchased a truck in
the name of Cindy=s and Ricky=s company and made
several payments on that truck.  Cindy maintained that this purchase
occurred without their permission and that neither she nor Ricky gave W&F
Transportation permission to purchase a truck on their behalf.

 

This evidence is sufficient to support the finding that
W&F Transportation promised to repay the money within two weeks without
intending to do so.  The jury obviously credited Cindy=s testimony and
disbelieved E.H., finding, among other things, that W&F Transportation both
committed fraud and misused Cindy=s and Ricky=s identity to
purchase the truck.  It is undisputed that W&F Transportation has
never repaid the money and thus, has breached the promise.  It is true
that the mere failure to perform a contract is not evidence of fraud.  Southern
Union Co. v. City of Edinburg, 129 S.W.3d 74, 92 (Tex. 2003). 
However, if a promise is breached, only slight circumstantial evidence of fraudCincluding a denial
of making the promise in questionCis necessary to
support the jury=s finding.  See Spoljaric, 708
S.W.2d at 435.  In this case, E.H. denied ever promising to pay this money
back and maintained that it was actually forwarded for the purchase of a second
truck.  Considering the facts of this case, this denial and testimony
regarding a different purpose for the money provides the necessary evidence
that W&F transportation never intended to repay the loan as it had
promised.  See Wingate, 2003 WL 11922569, at *4 (use of assets for
other purpose established intent not to repay);  Yeldell v. Goren, 80
S.W.3d 634, 638 (Tex. App.CDallas 2002, no pet.) (denial that money
was owed and withdrawal of money for different purpose established intent not
to repay).  We accordingly overrule the tenth issue. 

                                
VI.  Issues Relating to Damages

In their eighth issue, appellants assert that the trial
court erred in submitting question six to the jury because there was no causal
connection between question six on damages and question two on liability. 
Question six required findings as to damages for all causes of action. 
However, question six was predicated only on an affirmative finding to question
two, liability for breach of contract.  Although question six inquired
about damages for fraud, it did not predicate an award of damages for fraud on
the liability finding for fraud.

 

ATo determine whether an alleged error in
the jury charge is reversible, the reviewing court must consider the pleadings
of the parties, the evidence presented at trial, and the charge in its
entirety. Alleged error will be deemed reversible only if, when viewed in the
light of the totality of these circumstances, it amounted to such a denial of
the rights of the complaining party as was reasonably calculated and probably
did cause the rendition of an improper judgment.@  Island
Recreational Dev. Corp. v. Republic of Tex. Sav. Ass=n, 710 S.W.2d 551,
555 (Tex. 1986); see Byrne v. Harris Adacom Network Servs., Inc., 11
S.W.3d 244, 250 (Tex. App.C Texarkana 1999, pet. denied) (following
standard set forth in Island Recreation); see also Tex. R. App. P. 44.1(a).

Although the conditioning language in question six on
damages was erroneous, this oversight was not harmful and did not cause the
rendition of an improper judgment.  The jury found that W&F
Transportation both breached the contract and committed fraud, and the jury
awarded damages both for breach of contract and for fraud.  Even
though question six was predicated only on an affirmative finding for breach of
contract, the question specifically asked the jury a question relating to the
fraud damages, requiring the jury to find A[t]he sum of money
W&F Transportation agreed to repay Ricky and Cindy Wilhelm.@  This
language makes it clear that the jury did in fact find the damages attributable
to the fraud claim, which was premised upon the fraudulent promise to repay the
loan.  Because it is clear from the language of the instruction that the
jury found these damages as a result of finding fraud, any error in the
conditioning language was harmless.  We accordingly overrule the eighth
issue.

In their seventh issue, appellants assert the trial court
erred in awarding $3,000 in punitive damages because they claim that Cindy and
Ricky recovered no actual tort damages.  As discussed above, the jury
expressly found fraud regarding the $8,000 loan and awarded Cindy and Ricky
$8,000 in damages on account of that fraud.  This finding of fraud and
award of damages arising from the fraud is sufficient to support the award of
punitive damages.  AIf a plaintiff presents legally sufficient
evidence on each of the elements of a fraudulent inducement claim, any damages
suffered as a result of the fraud sound in tort.@  See
Formosa Plastics Corp. USA v. Presidio Eng=rs &
Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1998) (A[T]ort damages are
recoverable for a fraudulent inducement claim irrespective of whether the
fraudulent representations are later subsumed in a contract or whether the
plaintiff only suffers an economic loss related to the subject matter of the
contract.@).  We accordingly overrule the seventh issue.

 

 

                                               
VII.  Conclusion

We affirm the judgment of the trial court against W&F
Transportation, Inc., and we reverse and render judgment that appellees take nothing
from E.H. Wilhelm, Sr., and Margaret Wilhelm.

 

 

/s/     
Adele Hedges

Chief Justice

 

 

Judgment rendered and Memorandum
Opinion of March 24, 2005, Withdrawn, and Majority and Dissenting Opinions on
Rehearing filed October 5, 2006. 

 

Panel consists of
Chief Justice Hedges and Justices Frost and Guzman. (Frost, J. dissenting)

 














[1]  Members of the appellate bar also filed a Brief
of Amici Curiae to argue that Rule 34.6(c) and the precedent relating to
partial records should not be applied.





[2]  The issue of the need to comply with Rule
34.6(c) was first raised by this court.  On rehearing, appellees have also
taken this position.





[3]  Although it is not clear from the record, it is
also probable that the parties agreed not to record voir dire and opening
statements.  Assuming this is the case, our analysis applies to these
nonevidentiary omissions from the record as well.





[4]  Texas Rule of Appellate Procedure 34.6(a)(1) defines the
reporter=s record as Athe court reporter=s transcription of so much of the
proceedings, and any of the exhibits, that the parties to the appeal designate.@





[5]  One commentator has stated that A[t]his [common law] presumption appears to be carried
forward by implication despite the repeal of former Rule 50(d), which expressly
placed the burden on an appellant or other party seeking review to see that a
sufficient record is created to show reversible error.@  John Hill Cayce, Jr. & Anne Gardner, Civil
Appeals in Texas: Practicing Under the New Rules of Appellate Procedure, 49
Baylor L. Rev. 867, 922 (1997). 





[6]  The cases upon which the dissent relies largely
involve the omission of the entire reporter=s record on appeal.  See Middleton, 2006
WL 89503, at *1 (AThere is no reporter=s record of any part of the trial.@); 
Mason, 154 S.W.3d at 818 (appellant Adid
not request any of the testimony or evidence received at trial@ be included in the reporter=s record); Patel v. State, No. 14-03-01082-CR,
2003 WL 22976186, at *1 (Tex. App.CHouston
[14th Dist.] Dec. 18, 2003, no pet.) (not designated for publication) (ANo record was made of trial in municipal court.@); Hiroms v. Scheffey, 76 S.W.3d 486, 489 (Tex.
App.CHouston [14th Dist.] 2002, no pet.) (AWe are unable to address the merits of this claim
because appellants did not ask the court reporter to type the trial proceedings
transcribed.@).  All of the cases upon which the dissent
relies involve the omission of some evidence.  See, e.g., Gardner,
6 S.W.3d at 296 (reporter=s record omitted testimony of three witnesses, among
other things);  Robertson v. Tex. Dep=t of Transp.,
No. 03-00-00167-CV, 2000 WL 1228025, at *1 (Tex. App.CAustin Aug. 31, 2000, no pet.) (not designated for
publication) (noting that evidence was presented during first day of trial when
court reporter was not present).  We do not find any of these cases
persuasive in a circumstance where the only omission from the record is
nonevidentiary.





[7]  See supra note 6.





[8]  This speculative possibility was implicitly
rejected in Holten.  A special appearance like that in Holten
is fraught with procedural death traps, and counsel is much more likely to
waive his client=s jurisdictional challenge than is counsel likely to
invite error during closing argument at the end of trial.





[9]  Contrary to the dissent=s claim, this court did not hold that Texas Rule of
Appellate Procedure 13.1 was void in Nabelek v. District Attorney of Harris
County, No. 14-03-00965-CV, ___S.W.3d___, 2005 WL 2148999 (Tex. App.CHouston [14th Dist.] Sept. 8, 2005, no pet.). 
This court did not reach the issue of whether Rule 13.1 was void, but held
instead that the appellant had failed to preserve for review the question of
what Rule 13.1 required from court reporters.  Id. at *5 (ABy failing to request that the court reporter record
the hearing or object to the reporter=s failure to record . . . Nabelek has failed to preserve these issues for review.  See
Tex. R. App. P. 33.1(a).@ (emphasis added)).  On the facts of the current
case, reliance on Rule 13.1 is appropriate and is not precluded by a prior
holding of this
court.                                              






[10]  It is not credible to suggest that a party may
protect itself on appeal by complying with Rule 34.6(c).  As this case
demonstrates, Rule 34.6(c) simply does not address the circumstance where the
parties agree not to make a record in the first place.  Requiring
compliance with that rule would accomplish nothing.  When the parties have
agreed that a nonevidentiary part of the trial need not be recorded, a
transcript of proceedings will not exist.  Accordingly, the appellee would
need no notice of what issues will be appealed, because the appellee could not
counter-designate omitted portions of the record even if it wanted to. 
The appellee has already once agreed that those proceedings did not need to be
recorded.  On a related note, even if a party were to comply with Rule
34.6(c), it would not cure the problems of which the dissent complains.  A
court cannot order the record supplemented under Rule 34.6(d) when a record of
the proceedings does not exist.





[11]  We reject any claim by appellants that these
findings do not support the verdict against W&F Transportation, Inc. 
At the charge conference in the trial court, counsel for W&F
Transportation, Inc. asserted that AW&F
Transportation@ as used in the charge meant defendant W&F
Transportation, Inc.  Counsel even requested that the parties enter a
stipulation to this effect, or that the jury be instructed Athat W&F Transportation means W&F
Transportation, Inc.@  After taking this position in the trial court,
appellant cannot now maintain that AW&F
Transportation@ should not be understood to refer to the incorporated
defendant.  In general, a party cannot take a position on appeal that is
inconsistent with the position that it took in the trial court.  See,
e.g., Rylander v. Bandag Licensing Corp., 18 S.W.3d 296, 302 (Tex. App.CAustin 2001 pet. denied) (AA litigant may not take one position at trial, and
then take an inconsistent position on appeal.@).





[12]  We reject appellees= claim that appellants waived any objection to the
charge.  Our review of the charge conference reveals that counsel for E.H.
and Margaret properly objected to the failure to inquire separately as to each
defendant.  This issue was discussed in the charge conference, including
the existence of the assumed name certificate, the fact that the current charge
referred to W&F Transportation, Inc. as the corporate defendant, and the
need for separate questions for E.H. and Margaret. 





[13]  The pleadings indicate that appellees had
actual knowledge of W&F=s corporate
status.  The original petition asserted claims only against AW&F Transporation, Inc.,@and appellees alleged that the incorporated company
had participated in all of the facts underlying their causes of action,
including entry into the lease agreement upon which many of the claims were
based.  (See Original Petition (AWilhelms
then entered into a lease agreement with W&F where for the use of their
tractor and trailer in W&F business, W&F would pay the Wilhelms a
portion of the rates W&F received for hauling freight.@).)  Later petitions, including the petition upon
which appellees went to trial, alleged facts involving merely AW&F,@ a
defined term which also included the corporate entity.





[14]  We do not address any allegation that E.H. and
Margaret were partners in a W&F partnership entity because appellees have
conceded on appeal that they did not pursue liability under a partnership
theory.





[15]  A verified denial is not necessary if it is
obvious in context that Athe truth of such matters appear of record.@  Tex. R.
Civ. P. 93.  By filing a verified denial as to capacity, E.H. and
Margaret were denying that they were liable as individuals because at all times
relevant to this lawsuit W&F Transportation, Inc. was incorporated.  See,
e.g., Pledger v. Schoellkopf, 762 S.W.2d 145, 146 (Tex. 1988) (AWhen [corporate] capacity is contested, Rule 93(2)
requires that a verified plea be filed anytime the record does not
affirmatively demonstrate the . . . defendant=s right to . . . be sued.@). 
E.H. and Margaret likely did not file a verified denial as to the allegation
that they were doing business as individuals under an assumed name because they
in fact had done business under that name at one point in time but now their
company was incorporated.  See, e.g., Lambert v. Dealers Elec. Supply,
Inc., 629 S.W.2d 61, 64 (Tex. Civ. App.CDallas
1981, writ ref=d n.r.e.) (Guittard, C.J., dissenting) (stating that A>d/b/a= does not
indicate a separate legal capacity, and an individual doing business in an
assumed name may be sued as an individual on any debt incurred in that
name.  The assumed name is only a matter of identification.@).





[16]  Appellees have tried to establish a single
business enterprise as a matter of law on appeal.  Neither this theory nor
any other theory for disregarding the corporate form was pled or submitted to
the jury.  Under these circumstances we will not address it.  See
Schott Glas v. Adame, 178 S.W.3d 307, 314 (Tex. App.CHouston [14th Dist.] 2006, pet. denied) (AIn Texas, corporate entities are presumed to be
separate . . . each basis for disregarding this presumption of
corporate separateness must be specifically pleaded or it is waived.@ (citations omitted)). 





[17]  Establishing fraud requires (1) a material
misrepresentation that was false, (2) that was either known to be false when
made or was asserted without knowledge of its truth, (3) that was intended
to be relied upon, (4) that was relied upon, and (5) that caused injury.  Formosa
Plastics Corp. USA v. Presidio Eng=rs & Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1998).